IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARVIN D. SPADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-427-SLR |
| | ) |
| MARY HUDSON, RICK KEARNEY, | ) |
| DAVE VINSON, AARON L. | ) |
| CHAFFINCH, STAN TAYLOR, | ) |
| THOMAS MACLEISH, DANIELLE | ) |
| KRAMKA, and NANCY THOMAS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Marvin D. Spady, an inmate at the Sussex Correctional Institute, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on July 20, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

For the reasons discussed below, the claims against Rick Kearney ("Kearney"), Dave Vinson ("Vinson"), and Stan Taylor ("Taylor") will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as the claims are either frivolous or fail to state a claim upon which relief may be granted. Plaintiff's motion for appointment of counsel will be denied without prejudice with leave to renew.

**I.   THE COMPLAINT**

Plaintiff alleges that on February 4, 2005, before he was

released[1] from prison, he was forced by counselor Mary Hudson, as well as by defendants Danielle Kramka, and Nancy Thomas to sign a sex offender registry form indicating he was a "high risk" sex offender. Plaintiff alleges that neither Lt. Col. Thomas Macleish nor Aaron L. Chaffinch audited the sex registry to allow plaintiff a "tier 1" status. Plaintiff alleges that the listing was posted on the internet and ran from February 4, 2005 until March 24, 2002 [sic] when Judge E. Scott Bradley corrected the listing. Plaintiff also alleges that Taylor, Kearney, and Vinson work at the prison.

Plaintiff alleges the above actions violated his right to equal protection and the Fourteenth Amendment, and that defendants defamed his character. He seeks compensatory damages.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. The statute provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

---

[1] Plaintiff is now in prison "for something else." (D.I. 2 at II.D.)

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**III. ANALYSIS**

    **A.   Personal Involvement**

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Plaintiff names as defendants Taylor, Kearney, and Vinson stating they work

3

at the prison. The complaint, however, contains no allegations against these individuals. Other than stating they work at the prison, plaintiff provides no facts to support a claim against them. As a result, the claim against defendants Taylor, Kearney, and Vinson lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Appointment of Counsel

Plaintiff asks the court for appointed counsel on the bases that he is unable to afford counsel, he was granted in forma pauperis status, his imprisonment greatly limits his ability to litigate the case, the issues in the case are complex, he has limited access to the library and has limited knowledge of the law, the trial will involve conflicting testimony and an attorney will better enable him to present evidence and cross-examine witnesses, and he failed in his repeated efforts to obtain retained counsel. (D.I. 6)

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to seek representation by counsel for plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to

4

present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected. It is this court's practice to dismiss without prejudice motions for appointment of counsel filed prior to service. Further, the court notes that, contrary to plaintiff's position, the issues in this case are not complex. Accordingly, the motion for appointment of counsel (D.I. 6) is denied without prejudice, with leave to refile following service of the complaint.

## IV. CONCLUSION

NOW THEREFORE, at Wilmington this 19th day of September, 2006, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Rick Kearney, Stan Taylor, and Dave Vinson are frivolous and are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Plaintiff is allowed to proceed with the claims against defendants Mary Hudson, Aaron L. Chaffinch, Thomas Macleish, Danielle Kramka, and Nancy Thomas.

3. Plaintiff's motion for appointment of counsel (D.I. 6) is denied without prejudice with leave to renew upon service of the complaint.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants Mary Hudson, Aaron L. Chaffinch, Thomas Macleish, Danielle Kramka, and Nancy Thomas,** as well as for the attorney general of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with one copy of the complaint (D.I. 2) for service upon each of the remaining defendants. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2

6

above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

    4.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    5.    Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    6.    No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the

parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

                                             UNITED STATES DISTRICT JUDGE