IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARVIN D. SPADY, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-427-SLR ) |
| MARY HUDSON, RICK KEARNEY, DAVE VINSON, AARON L. CHAFFINCH, STAN TAYLOR, THOMAS MACLEISH, DANIELLE KRAMKA, and NANCY THOMAS, | ) ) ) ) ) ) |
|       Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of December, 2006, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claims against defendants Rick Kearney, Stan Taylor, and Dave Vinson are dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Marvin D. Spady, an inmate at the Sussex Correctional Institute, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on July 20, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) His original complaint was screened and the court dismissed the claims against defendants Rick Kearney ("Kearney"), Stan Taylor ("Taylor"), and Dave Vinson ("Vinson"). (D.I. 7) Plaintiff filed an amended complaint which reinstates defendants Kearney, Taylor, and Vinson and which contains new

allegations against these defendants. (D.I. 10)

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion.** Plaintiff alleges that on February 4, 2005, before he was released from prison, he was forced by counselor Mary Hudson, as well as by defendants Danielle Kramka and Nancy Thomas, to sign a sex offender registry form indicating he was a "high risk" sex offender. Plaintiff alleges that neither Lt. Col. Thomas Macleish nor Aaron L. Chaffinch audited the sex registry to allow plaintiff a "tier 1" status. In the amended complaint, it is alleged that the listing was posted on the internet and ran from February 4, 2005 until March 24, 2006 when Judge E. Scott Bradley corrected the listing. Plaintiff alleges that Taylor, Kearney, and Vinson are "top officials" at the Department of Correction ("DOC") "who supervise the counselors and enforce the rules, regulations and policies concerning DOC treatment and registration of sex offender" and who allowed the information to be released and posted on the internet. (D.I. 10)

5. **Respondeat Superior.** It is evident that plaintiff seeks to hold defendants Kearney, Taylor, and Vinson liable on the basis of their supervisory positions. Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or

3

exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

6. There is nothing in the complaint to indicate that defendants Kearney, Taylor, or Vinson were the driving force behind the conduct described in plaintiff's allegations. More so, the complaint does not indicate that these defendants were aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Therefore, the court will once again dismiss, without prejudice, the claims against these supervisory defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

7. **Conclusion**. Based upon the foregoing analysis, the claims against defendants Rick Kearney, Stan Taylor, and Dave Vinson are dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff may proceed against the remaining defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. This order will supplement the previous service order dated September 20, 2006. (D.I. 7)

3. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff has completed and returned to the clerk of the court

original "U.S. Marshal-285" forms for **remaining defendants Mary Hudson, Aaron L. Chaffinch, Thomas Macleish, Danielle Kramka, and Nancy Thomas,** as well as for the attorney general of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with copies of the complaint and amended complaint (D.I. 2, 10) for service upon each of the remaining defendants.**

    4. The United States Marshal shall forthwith serve a copy of the complaint, the amended complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

    5. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    6. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the

complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

    8. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

    9. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

                                                                        _/s/ Sue L. Robinson_
                                                           UNITED STATES DISTRICT JUDGE