# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

MARVIN D. SPADY                                )
                                               )
                    Plaintiff,                 )
          v.                                   )
                                               )
MARY HUDSON, AARON L. CHAFFINCH,               )          C.A. No. 06-427 SLR
THOMAS MACLEISH, DANIELLE KRAMKA               )
and NANCY THOMAS,                              )
                                               )
                    Defendants.                )

## STATE DEFENDANTS' OPENING BRIEF
## IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

STEPHANI J. BALLARD, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

DATED:  March 14, 2007

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ......................................................................... iii

NATURE AND STAGE OF THE PROCEEDINGS ................................1

STATEMENT OF FACTS ........................................................................5

ARGUMENT ............................................................................................6

    STANDARD OF REVIEW .................................................................6

I.    THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT, AS IT FAILS, ON ITS FACE, TO ALLEGE ANY CONSTITUTIONAL VIOLATION PURSUANT TO 42 U.S.C.A. §1983 ...........7

    A.    Plaintiff fails to state an equal protection violation ....................................8

    B.    Plaintiff fails to state a due process violation ............................................10

    C.    Plaintiff fails to state an Eighth Amendment violation............................11

II.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, AS DEFENDANTS ARE EXPLICITLY IMMUNE FROM SUIT FOR ACTIONS TAKEN UNDER DELAWARE'S "MEGAN'S LAW" ....................13

III.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE OFFICIALS NAMED BY PLAINTIFF ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C.A §1983 ...................................................................................15

IV.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE DEFENDANTS SUED IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY ........................................................17

V.    EVEN IF THE INDIVIDUAL STATE DEFENDANTS HAD BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, THEY WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY .................................................19

VI.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED, PURSUANT TO FRCP 12(b)(6) AS IT OTHERWISE FAILS TO STATE ANY CLAIM AGAINST ANY DEFENDANT UPON WHICH RELIEF CAN BE GRANTED ...................................................21

i

A.      The named defendants cannot have taken the action over which Plaintiff claims to be aggrieved; registration and tier determination on the Sex Offender Registry is within the exclusive jurisdiction of the sentencing Court ......................21

B.      Plaintiff fails to state a claim against Defendants Chaffinch and MacLeish for failure to properly "audit" the Registry......................................................22

VII.    DEFENDANTS KRAMKA AND CHAFFINCH MUST BE DISMISSED AS SERVICE OF PROCESS WAS NEVER PROPERLY EFFECTED UPON THEM .............24

CONCLUSION .....................................................................................................................25

## TABLE OF CITATIONS

**Case Name**                                                                                    **Page**

Albright v. Oliver, 975 F.2d 343 (7th Cir. 1992), *aff'd,* 510 U.S. 266 (1994) ................. 10, 19

Collins v. Kearney, 2006 WL 2038502 (D.Del. July 18, 2006)............................................. 12

Conley v. Gibson, 355 U.S. 41 (1957)......................................................................7

Coxson v. Commonwealth of Pennsylvania, 935 F.Supp. 624 (W.D.Pa. 1996) ......................6

Cruz v. Beto, 405 U.S. 319 (1972) ..........................................................................6

Daniels v. Williams, 474 U.S. 327 (1986).........................................................7, 14

Doe v. Cates, 499 A.2d 1175 (Del. 1985).................................................................18

Edelman v. Jordan, 415 U.S. 651 (1974).................................................................17

Growth Horizons v. Delaware County, Pa., 983 F.2d 1277 (3d Cir. 1993)..............................6

Harlow v. Fitzgerald, 457 U.S. 800 (1982).................................................14, 19, 20

Helman v. State, 784 A.2d 1058 (Del. 2001)...........................................................11

Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968 (8th Cir. 1968),
    *cert. denied*, 395 U.S. 961 (1969) .............................................................. 7

Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000) .............................................17

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994) .......................................6

Lee v. Mihalich, 847 F.2d 66 (3d Cir. 1988) ....................................................19, 20

Miller v. City of Philadelphia, 174 F.3d 368 (3d Cir. 1999) .................................12, 14, 19, 20

Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884 (3d Cir. 1977)...................6

Neeley v. Samis, 183 F. Supp. 2d 672 (D. Del. 2002).............................................17

Pagano v. Hadley, 535 F.Supp. 92 (D.Del. 1982)..................................................18

Parratt v. Taylor, 451 U.S. 527 (1981)......................................................................7

Paul v. Davis, 424 U.S. 693 (1976) ..................................................................................11

Pauling v. McElroy, 278 F.2d 252 (D.C. Cir. 1960),
    *cert. denied*, 364 U.S. 835 (1960) ................................................................................ 7

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) ................................17

Pension Ben. Guar. Corp. v. White Consol. Ind. Inc., 998 F.2d 1192 (3d Cir. 1993) ..............2

Ryan v. Burlington County, 889 F.2d 1286 (3d Cir. 1989) ....................................................19

San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1973),
    *reh'g denied*, 411 U.S. 959 (1973) ................................................................................8

Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996).....................................................17

Siegert v. Gilley, 500 U.S. 226 (1991)...............................................................................11

Signore v. City of McKeesport, 680 F.Supp. 200 (W.D. Pa. 1988),
    *aff'd*, 877 F.2d 54 (3d Cir. 1989) ...........................................................................7, 14

Snowden v. Hughes, 321 U.S. 1 (1944)..............................................................................10

Tillman v. Lebanon County Correctional Facility, 221 F.3d 410 (2000) ................................10

Tinsley v. Goord, 2006 WL 2707324, (S.D.N.Y. Sept. 20, 2006)..........................................12

Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) ..................................................15

Wooters v. Jornlin, 477 F.Supp. 1140 (D.Del. 1979), *aff'd*, 622 F.2d 580 (3d Cir. 1980),
    *cert. denied*, 449 U.S. 992 (1980) ...............................................................................23

## Statutes, Rules and Other Authorities

United States Constitution, Eighth Amendment................................................................11, 12

United States Constitution Eleventh Amendment ............................................................15, 17

United States Constitution, Fourteenth Amendment ......................................................7, 8, 11

28 U.S.C.A. §1331...............................................................................................................7

42 U.S.C.A. §1983 ..................................................................................................... *passim*

42 U.S.C.A. §1997e(a) ............................................................................................................14

Federal Rule of Civil Procedure 4(m) ..............................................................................4, 24

Federal Rule of Civil Procedure 12(b)(1) ..........................................................................2, 6

Federal Rule of Civil Procedure 12(b)(6) ........................................................................6, 21

11 <u>Del. C</u>. §767 ......................................................................................................................1

11 <u>Del. C</u>. §§4120 ........................................................................................................ *passim*

11 <u>Del. C</u>. §§4121 ........................................................................................................ *passim*

11 <u>Del. C</u>. §4120(b)(1) ......................................................................................................9, 16

11 <u>Del. C</u>. §4120(d)(1) ..............................................................................................9, 16, 23

11 <u>Del. C</u>. §4120(d)(2) ..........................................................................................................16

11 <u>Del. C</u>. §4120(f)(1) ............................................................................................................2

11 <u>Del. C</u>. §4120(j) ................................................................................................................13

11 <u>Del. C</u>. §4121(b) ..............................................................................................................21

11 <u>Del. C</u>. §4121(e) ..............................................................................................................22

11 <u>Del. C</u>. §4121(e)(6) ..........................................................................................................22

11 <u>Del. C</u>. §4121(g) ........................................................................................................14, 16

11 <u>Del. C</u>. §4121(j) ..................................................................................................................1

11 <u>Del. C</u>. §4121(k) ..........................................................................................................1, 23

11 <u>Del. C</u>. §4121(m)(1) ........................................................................................................13

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff has filed the instant complaint with this Court against the following State of Delaware officials:  Mary Hudson, L. Aaron Chaffinch, Thomas MacLeish, Danielle Kramka and Nancy Thomas.  Essentially, plaintiff claims "equal protection" violations under §1983 arising out of his misclassification at the incorrect tier on the Delaware Sex Offender Registry for approximately one year until the error was corrected by the Court.  On or about June 10, 2004, Spady had pled guilty, via a plea agreement, to a sex crime (Unlawful Sexual Contact, Third Degree, 12 year old victim) which is codified as a Class A Misdemeanor.  11 Del.C. §767.  Under Delaware's "Megan's Law", 11 Del.C. §§4120, 4121, offenders who commit a Class A misdemeanor sex crime are classified as "Tier 1" sex offenders.  Upon his release from prison in February, 2005, Spady was misclassified as a "Tier 3" (high risk) sex offender.  According to Delaware Law, Tier 2 and 3 sex offenders have their information posted on the State's public sex offender registry website. [1]   11 Del.C. §4121(j).  Data for all sex offenders (all tiers) is contained on the complete Registry, which is accessible to law enforcement.  §4121(k).

Plaintiff claims his Constitutional equal protection rights were violated as a result of the misclassification.  Plaintiff claims he was "defamed" and has suffered severe mental and emotional distress as a result.  Plaintiff seeks relief from this Court, including monetary damages in the amount of $5,000,000.00.

## The Superior Court Proceedings and Sex Offender Registry Records.

The June 4, 2004 plea agreement on file in Spady's criminal case, pertaining to the sex

---

[1]  Delaware maintains an online searchable database as to registered Tier 2 and Tier 3 sex offenders, including their registered address, and pictures, if available.  www.state.de.us/dsp/sexoff.

1

offense conviction[2], shows that Spady was correctly listed as a "Tier 1 Registration." (Attached as Exhibit "B")[3]. Official records of the Delaware State Police, which maintains the Sex Offender Registry, show that Spady's initial sex offender registration notice (February 2005) listed him as "Risk Level, 3 – High" and listed the "Registering Agency" as Kent County Superior Court. (Exhibit "C"). The conviction itself was correctly listed as an unlawful sexual contact third degree (a "Tier 1" offense). A form stating that Mr. Spady read and understood the registration requirements, as set forth in the documents, and that the information was true and correct was signed by Mr. Spady and by Defendant, Counselor Mary Hudson, as witness on February 4, 2005. (Ex. "C", p.3). Plaintiff sent a letter to the Court, dated March 6, 2006, stating that he had been released from prison on February 26, 2005. (Exhibit "D," Superior Court #0312013881, D.I. 15-16,).

Plaintiff had returned to prison in July 2005, when he was charged with registering a false address with the sex offender registry.[4] Plaintiff's March 6, 2006 letter to the Court states that at some point during this imprisonment, he learned that he had been incorrectly classified as a Tier 3 sex offender, and his picture was on the internet. (Ex. D, p. 2). Spady requested that the court issue a "corrective order" correcting his classification. (Ex. D, p. 3). In response to the letter, which was construed as Plaintiff's Motion for Correction of Sentence, Judge E. Scott Bradley issued a letter, dated March 29, 2006, stating that the Tier level had been corrected to Tier 1, as of March 24, 2006.

---

2 Sussex County Superior Court, Crim. Case No. 0312013881. The Plea Agreement is part of Docket item No. 12. (Superior Court Dockets in Criminal Cases No. 0312013881 and No. 050322648, attached as Exhibit "A", hereto).
3 Defendants' motion to dismiss for lack of a constitutional claim is grounded in Rule 12(b)(1). Thus, the reference to official Court records of the of the State of Delaware and Delaware State Police Sex Offender Registry, are matters of public record of which this Court may take judicial notice, and does not transform this into a motion for summary judgment. *See* Rule 12(b). *See* Pension Ben. Guar. Corp. v. White Consol. Ind. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Plaintiff has also appended Judge Bradley's letter (Ex. E, here) of March 29, 2006 to his complaint. *NOTE: the name of the minor victim and Plaintiff's personal information (e.g. SS#) has been redacted wherever it appears in the Exhibits.*
4 Although Plaintiff's letter claims that he was arrested because he was considered a high-risk sex offender, the criminal conviction in Case No. 050322648 was for failure to update a change of address, in violation of 11 Del.C. §4120(f)(1),

(Exhibit "E").  A "Notice of Tier Level Change" document, dated March 24, 2006, was entered into DSP's records, listing Spady as "Risk Level 1 Low," apparently in accordance with Judge Bradley's correction of sentence.  (Exhibit "F").

It is unknown how, when or by whom, and Plaintiff makes no allegations as to this issue, Plaintiff was misclassified as a Tier 3 offender when he was convicted of a Tier 1 sex offense.

**Allegations against the State Defendants.**

On the face of the complaint, Plaintiff's claims arise out of the following proceedings which involved the State Defendants in the performance of their official functions:

1) Defendants **Mary Hudson**, **Danielle Kramka** and **Nancy Thomas** were Correctional Counselors at Sussex Correctional Institute (SCI) where Plaintiff was (and is again) incarcerated. Defendant Kramka is no longer employed by the Department of Correction (DOC).  Correctional Counselors assist inmates with administrative matters, including gathering information for completion of official forms, including sex offender registration forms for those inmates about to be released.  Plaintiff claims that Ms. Hudson, on February 4, 2005, brought Spady a "sex offender registry paper" that was "wrong" and told him he had to sign or would not be released from prison. Plaintiff claims counselors Ms. Thomas and Ms. Kramka "also forced [him] to sign false papers before being released. . . ."  No factual allegations of actual "force" are made against any defendant.

2)  Plaintiff also complains that Former Delaware State Police (DSP) **Colonel L. Aaron Chaffinch**, and current State Police **Colonel Thomas F. MacLeish** failed to "audit" the Delaware Sex Offender registry.  Presumably, Plaintiff alleges that a proper "audit" would have found the mistake in Plaintiff's Tier Classification.  Former Colonel Chaffinch was placed on administrative

---

an offense that applies  to all tiers. (*See* Ex. E, Judge Bradley's letter of March 29, 2006.)

leave as of October 27, 2004 (before the acts alleged in Plaintiff's complaint occurred) and later retired from DSP. Colonel MacLeish became Acting Superintendent on October 27, 2004 and officially became Superintendent on May 6, 2005.

**The Instant Case.**

Plaintiff filed the Amended Complaint with this Court on or about October 23, 2006. (D.I. 10). The amended complaint followed the Court's dismissal *sua sponte* of several additional defendants named in the original Complaint (D.I. 7). Plaintiff timely served Defendants Hudson, Thomas, and MacLeish, and these Defendants filed Waiver of Service forms with the Court. Plaintiff never effected service upon Defendants Kramka and Chaffinch. His time to do so has now expired, and these Defendants move to dismiss claims against them on this, and other, bases. F.R.C.P. Rule 4(m). This Court granted Defendants' motion for additional time, until March 15, 2007, to file a response to Plaintiff's complaint. (D.I. 17). This is the State Defendants' Opening Brief in Support of their Motion to Dismiss Complaint, which is filed simultaneously herewith.

## STATEMENT OF FACTS

For purposes of this Motion to Dismiss, which is based solely on legal defenses, even assuming all facts alleged in Plaintiff's complaint to be true, he fails to state a claim over which this Court has jurisdiction or a claim upon which relief can be granted.  The pertinent procedural facts and Plaintiff's factual allegations against Defendants, have been set forth in detail at "Nature and Stage of the Proceedings," *supra*.

# ARGUMENT

## STANDARD OF REVIEW.

It is axiomatic that a court cannot entertain a complaint over which it has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). Federal district courts have only the jurisdiction provided to them by statute and the burden of establishing jurisdiction rests squarely with the plaintiff. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is appropriate if the right(s) claimed by Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Coxson v. Commonwealth of Pennsylvania, 935 F.Supp 624, 626 (W.D. Pa. 1996)(*citing* Growth Horizons v. Delaware County, Pa., 983 F.2d 1277, 1280-81 (3d Cir. 1993). On a facial 12(b)(1) motion to dismiss, as here, the district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction (*i.e.* demonstrate a federal question) on the face of the complaint. *See* Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977).[5] The plaintiff bears the burden of persuasion under Rule 12(b)(1). Coxson, *supra*, 935 F.Supp at 626.

Assuming a plaintiff passes the jurisdictional hurdle, the district court may also dismiss a complaint if, on its face, the plaintiff fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). In considering a 12(b)(6) motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). A *pro se* complaint may be dismissed

---

5 Mortensen distinguished a "facial" 12(b)(1) challenge from a "factual" 12(b)(1) challenge. In the latter, which cannot occur until the plaintiff's allegations have been controverted, the court may weigh the evidence and need not presume plaintiff's allegations to be true. For instance, in Mortensen, the plaintiff pled the Sherman Act (on its face a federal question) but the court held that a "factual" 12(b)(1) analysis was appropriate to determine whether the necessary nexus to interstate commerce existed, such that it would have jurisdiction. 549 F.2d at 891-92. Defendants submit that Plaintiff's complaint in the instant case must be dismissed for lack of subject matter jurisdiction on its face for the reasons

for failure to state a claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, the Court does not have to accept legal conclusions, unsupported conclusions, or sweeping legal conclusions cast in the form of factual allegations. Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); Pauling v. McElroy, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960). Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action. Signore v. City of McKeesport, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

Under these standards, the Plaintiff's complaint must be dismissed because, even assuming Plaintiff's allegations to be true, he has not invoked the subject matter jurisdiction of this Court and he has failed to state any claim upon which relief could be granted by this Court.

## I.    THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT, AS IT FAILS, ON ITS FACE, TO ALLEGE ANY CONSTITUTIONAL VIOLATION PURSUANT TO 42 U.S.C.A. §1983.

28 U.S.C.A. §1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Thus, for this court to have jurisdiction over the instant §1983 complaint, Plaintiff must have pled abridgement of some Constitutional right. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). He has plainly not done so. Without establishing the existence of a Constitutional right, the plaintiff cannot state a claim upon which relief can be granted. The mere invocation of the "magic words" of the Fourteenth Amendment does not transform purely private or state law grievances into claims over which the federal court can assume jurisdiction.

---

outlined herein.

### A.    Plaintiff fails to state an equal protection violation.

Plaintiff claims, in his complaint, that the actions allegedly taken by Defendants "violated my equal protection of the 14th Amendment." (Amd. Complaint, D.I. 10, IV, Statement of Claim). Violation of "equal protection" is the only Constitutional cause of action Plaintiff pleads against any defendant. Id. Plaintiff's claims fundamentally fail to state any equal protection violation on their face. Plaintiff alleges, as to defendant DOC counselors Hudson, Thomas and Kramka, that they "forced" (notably this is simply a bare allegation, with no facts alleged) him to sign "false" sex offender registry papers prior to his release from prison. Id (Statement of Claim, ¶1). Plaintiff alleges, as to defendant DSP Colonels Chaffinch and MacLeish, that "they did not audit [the Registry] and allowed me . . . to be posted on internet profiled as High risk sex offender." Id (Statement of Claim, ¶1).

The Constitution's guarantee of "equal protection" exists to prevent invidious class discrimination. Plaintiff's purported "equal protection" claim here is easily disposed of, as plaintiff fails to allege any disparate or discriminatory treatment by defendants against any class of persons in which he falls. Plaintiff certainly does not allege a classification on the basis of a protected characteristic, such as race, or denial of a fundamental Constitutional right. *See e.g.* San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1973), *reh'g denied*, 411 U.S. 959 (1973). At most, plaintiff appears to argue that the State Defendants took action against him on the basis of his being a sex offender ("DE DOC not to be prejudiced toward sex offenders and not consider all sex offenders rapist/high risk sex offenders . . . .") (Amd. Compl., §V, ¶2-3). Thus, under a generous reading of plaintiff's complaint, the "classification" at issue according to Plaintiff would be his membership in the class of "sex offenders."

8

However, even with this allegation, Plaintiff's complaint fails to state a constitutional claim. Certainly, sex offenders, of any risk level, do not comprise a protected class. But, more importantly, the actions alleged against the Defendants are actions they took in the normal course of their job duties as to *all* sex offenders. Correctional counselors gather the same type of address data from *all* sex offenders (all tiers), in order to provide this information to the Registry[6]; the DSP Colonel has the authority to audit the Registry as to *all* sex offenders.[7] Plaintiff does not plead any facts to support a claim that any Defendant deliberately misclassified him (even assuming they had the power to do so, *See* Argument VI(A), *infra*), or that they had any knowledge of the misclassification. In short, no disparate class-based treatment took place, or is even alleged.

Simply put, Plaintiff only challenges the alleged actions of the State Defendants as to himself, and not as to himself as a member of any particular class of persons. Indeed, Plaintiff recognizes the usual operation of "Megan's Law", 11 Del.C. §§4120; 4121, and the classification of offenders by tier, and does not take issue with the merits of that law. What plaintiff is aggrieved by is his own temporary misclassification on the incorrect tier of Delaware sex offenders, from which he sought and obtained relief from the state court. Plaintiff does not allege that defendants were carrying out any type of scheme to target Tier 1 sex offenders and allow them to be misclassified as Tier 3. Plaintiff does not even claim that Defendants bore any malice toward him, or targeted him on the basis of *any* characteristic—protected or otherwise.

What plaintiff pleads is no more than an anomaly or error in the application of law as to himself, which was promptly corrected when discovered. Such, a claim is simply a personal

---

6 "The registration information shall be collected from the sex offender by the agency having custody over him or her at the time specified herein for registration." 11 Del.C. §4120(b)(1).
7 11 Del.C. §4120(d)(1).

grievance, and does not sound in Constitutional "equal protection.".  "A construction of the equal

protection clause which would find a violation of federal rights in every departure by state officers

from state law is not to be favored." Snowden v. Hughes, 321 U.S. 1, 11-12 (1944).  "Where there is

no discrimination, there is no equal protection violation." Tillman v. Lebanon County Correctional

Facility, 221 F.3d 410, 424 (2000).  The facts of Tillman are actually analogous to the instant case, as

they involved an apparent misapplication of law by prison officials.  The plaintiff in Tillman claimed

an equal protection violation because the prison had charged certain housing fees to plaintiff, but

mistakenly failed to charge fees to a fellow inmate, similarly situated.  The prison rectified the

situation upon discovery.  The Third Circuit held that, in such a case, no equal protection claim

existed.  Similarly, as the Seventh Circuit explained (and the Supreme Court affirmed), even though

an aggrieved plaintiff might claim to be a "class of one," for equal protection purposes:

> you must be singled out because of your membership in the class, and not just be the
> random victim of governmental incompetence. . . . [W]e hold that "the state's act of
> singling out an individual for differential treatment" does *not* "itself create the class."
> [citation omitted].  That would make every selective prosecution, and indeed every
> arbitrary act of government, a violation of the Constitution.

Albright v. Oliver, 975 F.2d 343, 348 (7th Cir. 1992), *aff'd* 510 U.S. 266 (1994)(emphasis in

original).

    **B.     Plaintiff fails to state a due process violation.**

    While Plaintiff does not allege a "due process" violation under §1983, he could not prevail

upon such a claim in any event.  Plaintiff's alleges that Defendants' actions "defamed" him and

caused "injury to [his] reputation."  The United States Supreme Court has held that (absent some

other tangible loss, such as loss of employment) defamation or injury to reputation, "however

serious[]," caused by a public official does *not* constitute a deprivation of liberty or property under

the due process clause of the Fourteenth Amendment. <u>Paul v. Davis</u>, 424 U.S. 693, 702, 711-12 (1976). <u>Paul</u> involved facts somewhat similar to the instant case. The plaintiff claimed a §1983 violation due to his name and picture being included on a flyer of "Active Shoplifters," when in fact plaintiff had been arrested, but never actually convicted, for shoplifting. The Supreme Court held that his §1983 complaint, alleging defamation, was properly dismissed by the District Court. *See also* <u>Siegert v. Gilley</u>, 500 U.S. 226, 233 (1991)("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." (*citing* <u>Paul</u>)). Even where malice is alleged (and it is not on the face of the instant complaint), the constitutional sufficiency of the claim does not turn "on the state of mind of the defendant, but on the lack of any constitutional protection for the interest in reputation." <u>Siegert</u>, 500 U.S. at 234. Plaintiff here pleads no other tangible loss of rights or property which would bring his case outside of <u>Paul's</u> holding that no due process claim is stated for alleged harms that are merely reputational.

While not binding on this Court's assessment of the constitutional claims, it is notable that the Delaware Supreme Court, interpreting the very law at issue, on a constitutional claim brought in State court, adopted the "stigma plus" test of <u>Paul</u> and its progeny, and held that injury or potential injury reputation alone is not a "liberty" or "property" interest sufficient to give rise to a constitutional claim. <u>Helman v. State</u>, 784 A.2d 1058, 1071-72 (Del. 2001).

**C.    Plaintiff fails to state an Eighth Amendment violation.**

As with due process, Plaintiff has not pled a violation of the Eighth Amendment, but defendants will address this issue nonetheless. As with the claims discussed above, plaintiff does not state a claim for an Eighth Amendment violation. Plaintiff claims that the correctional counselors: Mary Hudson, Nancy Thomas and Danielle Kramka, "forced" him to sign incorrect documents

11

regarding his sex offender registry status.  No details are provided whatsoever, as to the nature of this "force," other than plaintiff's claim, as to Mary Hudson alone, that he was "told" he "had to sign or [he] would not be released from prison." (D.I. 10, §IV, ¶1).  Thus, under an extremely generous reading of the complaint, plaintiff's claim is that Defendant Hudson attempted to verbally coerce him.  However, even if true, verbal threats or harassment do not rise to the level of an Eighth Amendment violation.   It is well settled that verbal harassment of a prisoner does not violate the Eighth Amendment or state a cognizable claim under §1983.  Collins v. Kearney, 2006 WL 2038502 (D.Del. July 18, 2006) (citing cases).  *See also* Tinsley v. Goord, 2006 WL 2707324, (S.D.N.Y. Sept. 20, 2006)(plaintiff's erroneous classification as a sex offender, resulting in prison transfer and treatment program, was not serious enough to rise to the level of an Eighth Amendment violation, and his claim was dismissed).

        In conclusion, Plaintiff's temporary misclassification on an incorrect tier of the Delaware Sex Offender Registry, while unfortunate, does not rise to the level of any violation of the United States Constitution.  Accordingly, this Court does not have subject matter jurisdiction over the complaint, and it should be dismissed.  The defenses set forth below also provide bases for this Court to dismiss Plaintiff's complaint.  However, since a viable constitutional claim is necessary as a prerequisite for this Court to assume jurisdiction over a §1983 complaint, the Court need not reach such defenses if it finds that no constitutional right has been implicated.  Miller v. City of Philadelphia, 174 F.3d 368, 374 (3d Cir. 1999) (Third Circuit holding that the proper analysis is for the trial court to first determine whether Plaintiff asserts a valid violation of a constitutional right, before considering immunity or other issues).

## II. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, AS DEFENDANTS ARE EXPLICITLY IMMUNE FROM SUIT FOR ACTIONS TAKEN UNDER DELAWARE'S "MEGAN'S LAW."

Even assuming that some Constitutional claim had been stated on the face of Plaintiff's complaint, he cannot state a claim for relief in this Court as all Defendants are explicitly immune from suit under Delaware law for actions they may have taken in connection with the Delaware Sex Offender registry.

Plaintiff claims to be aggrieved by the claimed dissemination of his picture and his registration information to the public at large via the internet, due to his classification as a Tier 3 offender (for whom such information is posted) rather than a Tier 1 (for whom such information is maintained on the registry, but not posted on the internet). Delaware's "Megan's Law" provides that state officials who handle registry information are immune from all civil liability for the release of such information:

> All elected public officials, public employees or public agencies are immune from civil liability for any discretionary decision to release relevant information, unless it is shown that the official, employee or agency acted with gross negligence or in bad faith. The immunity provided under this section *applies to the release of relevant information* to other employees or officials or *to the general public*.

11 <u>Del.C.</u> §4120(j); *see also* 11 Del.C. §4121(m)(1). Clearly, the legislature sought to provide immunity for state officials for situations such as this one, in which registry information is incorrectly or negligently released.

The immunity provision contains an exception for "gross negligence or bad faith" but such conduct is not alleged on the face of the complaint. *See* Argument I(C), *supra*. Certainly as to the DSP Colonels, plaintiff simply alleges that they did not properly "audit" the Registry, such that they would have caught the error that Plaintiff, with a Tier 1 conviction, was listed as a Tier 3 offender.

This allegation sounds, at most, in simple negligence. Simple negligence, of course, does not state a claim for §1983 relief. Daniels v. Williams, 474 U.S. 327 (1986); Miller, *supra*. As to the DOC counselors, while Plaintiff alleges that they "forced" him to sign incorrect registry papers, Plaintiff pleads no facts whatsoever to support this allegation.[8] He does not even plead that any defendant was actually aware that his tier classification, as indicated on the registration forms, was incorrect. Plaintiff's allegation is further undermined by his failure to file any grievance in prison against the counselors[9], and his silence as to this allegation in his Superior Court motion for Modification of Sentence and correction of his tier registration. (Ex. D). It is well settled that mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action. Signore v. City of McKeesport, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989). *See also* Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982) ("bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery."). The mere use of the word "force" by Plaintiff, in his allegations, is not, by itself, sufficient to state a claim for bad faith or gross negligence.

Accordingly, for this reason also, Plaintiff's complaint must be dismissed, as he cannot state a claim for relief from any of the named Defendants in this Court, due to the grant of full civil immunity conferred upon the State Defendants by Delaware law in connection with their statutory duties of administering the State Sex Offender registry.

---

8  It should be noted that the Sex Offender registration statute provides that "no person shall be released from any Level V facility unless and until he or she has made a good faith effort to cooperate with the appropriate authorities pursuant to this section. . . ." 11 Del.C. §4121(g).

9  Filing an internal grievance is a prerequisite to filing a §1983 suit against prison officials. 42 U.S.C. §1997e(a)

### III.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE OFFICIALS NAMED BY PLAINTIFF ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C.A §1983.

The Plaintiff has named three State of Delaware Department of Correction counselors and the present and former Superintendents of the Delaware State Police as defendants in this matter. In addition to the reasons noted above, Plaintiff fails to state a claim over which this Court has jurisdiction, as none of the individual defendants are subject to suit under 42 U.S.C. §1983, as they are not considered "persons" for purposes of this case, as all claims made against them pertain to acts taken in their official capacities.

The United States Supreme Court has held that a state official acting in his or her official capacity is immune from suit under 42 U.S.C.A. §1983 because he or she is not considered a "person" under the statute.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  Just as States themselves are protected from suit under the immunity granted by the Eleventh Amendment to the U.S. Constitution (*See* Argument III, *infra*), so are state actors in their "official" capacities:

> Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such it is no different from a suit against the State itself.

491 U.S. at 71.

All of the grievances set forth in Plaintiff's complaint, as to the named individuals, while only vaguely pled, stem entirely from the actions taken in their official capacities as State employees.  The DOC counselors are alleged to have obtained Plaintiff's registration information and signature on registry papers containing incorrect or "false" information.  Taking registration information for sex offenders about to be released from custody is a statutory duty imposed upon the Department of

Correction, and such information is collected by correctional counselors.  11 Del.C. §4120(b)(1).[10]

Plaintiff's allegation that counselors Hudson, Thomas and Kramka had him sign registry papers (regardless of his satisfaction with their contents) falls squarely within the scope of their official duties.  As to Defendants Chaffinch and MacLeish, plaintiff alleges that they "did not audit" the Registry, thereby allowing him to be posted as a high risk offender.  Again, Delaware's Megan's Law speaks directly to this point, and provides that the Superintendent of the Delaware State Police "shall have the authority to audit" the Registry.  11 Del.C. §4120(d)(1).  By explicitly putting audit powers within the control of the Superintendent, the Legislature has also placed these powers squarely within the scope of his official duties.  The fact that Plaintiff is not satisfied with the performance of the counselors' and the Superintendents' official job duties does not negate the fact that all of their relevant actions were taken in an official capacity and, as such, do not give rise to a cause of action in this Court.

---

10  It should be noted that the statute describes the information to be included (by the custodial institution) on the registration and form, and this list of information, consistent with the principle that only the sentencing court determines tier classification, does not include "tier level" as information to be collected by the custodial agency.  11 Del.C. §§4120(d)(2), 4121(g).  Thus, under the terms of the statute, Plaintiff's tier level is not data which would have been within the control of the counselor defendants in any event.

**IV.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE DEFENDANTS SUED IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY.**

The sovereign immunity of the states is found in the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." While the Amendment does not facially bar suits against the State by its own citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 65 (1996). "Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 80 (2000). "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." Neeley v. Samis, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (*citing* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984)).

The United States Congress can waive the state's sovereign immunity and, therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive state immunity will produce this result. Id. No such clear intent can be seen in 42 U.S.C.A. §1983. In fact, a review of the statute demonstrates that Congress

did not intend to waive the states' immunity.  The statute facially allows suits only to be brought against "persons."  42 U.S.C.A. §1983.  As discussed *supra*, neither the State of Delaware nor its officials acting in their official capacity are "persons" as contemplated by 42 U.S.C.A. §1983.

Furthermore, to the extent Plaintiff claims any violations of state laws (e.g. "defamation"), the Doctrine of Sovereign Immunity also bars such a claim.  *See* Pagano v. Hadley, 535 F.Supp. 92 (D.Del. 1982).  Sovereign immunity provides that the State and its agencies may not be sued without consent.  *See* Doe v. Cates, 499 A.2d 1175, 1881 (Del. 1985).  No such consent exists here.  In fact, as discussed above, the Delaware Legislature has enacted a specific grant of immunity as to actions of state employees charged with implementing Megan's Law.

It should be noted that Plaintiff seeks no injunctive relief as to the individual defendants.[11] Plaintiff admits that his tier registration status was corrected by the Delaware Superior Court when it was notified of the error in March 2006, and he does not claim any ongoing grievance with regard to his registration status.

---

11  Plaintiff had originally named several top officials from the Department of Correction as Defendants, but these claims were dismissed by this Court as frivolous.  (D.I. 11).  When Plaintiff filed his "Amended Complaint," he did not modify any of the allegations, so his claim for relief still contains language seeking that "DE DOC review policies and procedures [concerning the Registry]."  While this request sounds "injunctive," it could only have been directed to the DOC officials who have since been dismissed.  Certainly, neither the counselor defendants nor the Delaware State Police Colonel have any authority over the implementation of DOC policies.  In any event, this Court could not order injunctive relief against a State agency in the absence of a viable claim for Constitutional violation.

# V.    EVEN IF THE INDIVIDUAL STATE DEFENDANTS HAD BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, THEY WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY.

As stated above, there is nothing in the instant complaint to support a claim against any individual State official in his or her individual capacity.  Nonetheless, Plaintiff's claims (assuming *arguendo* any constitutional violations were stated) against Defendants in their individual capacities would be barred by the doctrine of qualified immunity.

It is well settled that governmental officials performing discretionary functions enjoy qualified immunity from damages when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Lee v. Mihalich, 847 F.2d 66, 69 (3d Cir. 1988) (*citing* Harlow v. Fitzgerald, 457 U.S. 800 (1982) (Lee v. Mihalich abrogated on unrelated grounds per Albright v. Oliver, 510 U.S. 266 (1994)).  The Third Circuit, in Ryan v. Burlington County, 889 F.2d 1286, 1292 (3d Cir. 1989), held that "[t]he defense of qualified immunity is a recognition of the fact that subjecting public officials to personal liability for their discretionary actions results in the distraction of those officials from their public duties, inhibits their discretionary actions and, quite possibly, deters qualified people from accepting public service."

The test is one of "objective legal reasonableness" of an official's acts.  Lee, 847 F.2d at 69.  Defendants are entitled to qualified immunity unless Plaintiff can show that (1) his "right" is clearly established by law and (2) the "unlawfulness [of Defendants' act] must [have been] apparent."  Id.  In Miller, the Third Circuit, citing Supreme Court authority, held that where abusive action is alleged against a government official, there will be no constitutional liability unless the "action [is] so ill-conceived or malicious that it 'shocks the conscience' . . . . officials will not be held liable for actions that are merely negligent."  Miller, *supra*, 174 F.3d at 375 (citations omitted).

19

Applying the <u>Lee</u>/<u>Miller</u> test, it is clear that Plaintiff has not pled any facts that, if true, would defeat the qualified immunity of the named Defendants. He has no "right"—let alone a "clearly established right"--to a guarantee of correct tier reporting on the sex offender registry. While the terms of the law are of course to be complied with, there is no constitutional or other guarantee that clerical or other reporting errors will not occur. *See* Argument I, *supra*. Again, Plaintiff's claim sounds, at most, in negligence, which will not defeat an assertion of qualified immunity. In addition, Plaintiff has pled no facts to show any action on the part of the named state employees that was malicious or that "shocks the conscience." "[B]are allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." <u>Harlow</u>, *supra*, 457 U.S. at 817-18. As plaintiff fails to set forth any factual basis that would defeat the defense of good faith qualified immunity, the individual defendants are not subject to liability.

**VI.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED, PURSUANT TO FRCP 12(b)(6) AS IT OTHERWISE FAILS TO STATE ANY CLAIM AGAINST ANY DEFENDANT UPON WHICH RELIEF CAN BE GRANTED.**

**A.    The named defendants cannot have taken the action over which Plaintiff claims to be aggrieved; registration and tier determination on the Sex Offender Registry is within the exclusive jurisdiction of the sentencing Court.**

The essence of Plaintiff's claims against the State Defendants, and alleged basis for relief, is that he was improperly classified, under Delaware's sex offender registry law, for approximately one year[12], as a Tier 3, rather than a Tier 1, sex offender.  As the nature of proceedings, *supra*, sets forth, when Plaintiff learned of his misclassification, he sent a letter to the Court, dated March 6, 2006, requesting that the court issue a "corrective order" correcting his classification.  (Ex. D).  Notably, in that letter, Plaintiff made no allegations that he was "forced" to sign any "false" documents by any of the DOC counselors.  The Court construed Plaintiff's letter as a "Motion for Correction of Sentence."  (Docket, Ex. A, item 15).  The Superior Court promptly considered Plaintiff's motion and issued a letter, dated March 29, 2006, stating that the Tier level had been corrected to Tier 1, as of March 24, 2006.  (Ex. E).  The correction was made in the State Sex Offender Registry, reclassifying Plaintiff as a "Tier 1" offender and thereby removing his information from the public database.  (Ex. F).

Plaintiff fails to state a claim because the named defendants could not have taken the action of actually misclassifying plaintiff in the incorrect tier.  Under Delaware law, the sentencing court has sole authority to designate the Tier level of sex offenders.  11 Del.C. §4121(b) ("a Risk Assessment Tier will be assigned to him or her *by the court*.")(emphasis added).  *See also* 11 Del.C.

---

12  Plaintiff does not actually plead facts as to when the Tier 3 registration and internet posting went into effect, but the maximum period of time, based on the data available, would have been from Plaintiff's release from SCI on February 23, 2005 until the Superior Court's correction of sentence, effective March 24, 2006.

§4121(e) (noting circumstances which may allow *the court* to deviate from presumptive tier either by motion of the State or *sua sponte*); 11 Del.C. §4121(e)(6)(noting circumstances under which a sex offender may petition *the court* for relief from the assigned designation). The February 2005 Registration documents, showing the erroneous classification, list "Kent County Superior Court" as the "Registering Agency." (Ex. C). Notably, Plaintiff himself, in his letter to the court asking for a sentence/tier correction, stated that Kent County Superior Court was the "Registering Agency" for his Sex Offender Registration. (Ex. D). Also, Plaintiff sought and received his requested relief from the state court, which has sole jurisdiction over tier classification.

The law contains no provision by which DOC counselors, DSP Superintendents or any other person could have exercised control over the tier designation. Plaintiff does not claim that any defendants actually circumvented, had reason to want to circumvent, or would even have the means to circumvent, the Court's sole legal authority over any sex offender's Tier determination under Delaware law.[13]

## B.    Plaintiff fails to state a claim against Defendants Chaffinch and MacLeish for failure to properly "audit" the Registry.

Even assuming Plaintiff were to clear the constitutional and immunity hurdles that bar his claim, he would fail to state a claim against the Delaware State Police Superintendents for their alleged failure to "audit" the sex offender registry. As a threshold matter, his claim against former Colonel L. Aaron Chaffinch cannot stand, as Colonel Chaffinch was not serving as Superintendent of the Delaware State Police during any of the time period in question, and so would not have had the

---

13  To the extent any judicial officer may have erroneously classified plaintiff, that person would be immune from suit under the doctrine of absolute judicial immunity.

statutory "audit" powers.  Colonel Chaffinch was placed on administrative leave on October 27, 2004, and never returned to work until his retirement.

As to Colonel MacLeish, the Superintendent at all relevant times, Plaintiff also fails to state a claim.  The Superintendent's duty or power to audit the Registry is not a duty or power which confers any particular right upon plaintiff.  Rather, it is a government function which runs to the public at large.  Accordingly, plaintiff has no vested right in the Superintendent's performance of this duty[14].  This Court has held that there is no "property right" (and therefore no basis for a §1983 action) in the provision of government services to members of the public.  Wooters v. Jornlin, 477 F.Supp. 1140 (D. Del. 1979), aff'd 622 F.2d 580 (3d Cir. 1980), cert. denied, 449 U.S. 992 (1980).  Wooters held that, among other requirements, "[t]he party claiming the right must . . . show that the duty is owed to him as an individual rather than to the public at large."  477 F.Supp. at 1144.  Certainly the Colonel's duty of auditing the sex offender registry runs to the people of the State of Delaware and not to any individual sex offender.

---

14 The scope or mandatory nature of the audit "duty" is also unclear in the statute.  Compare 11 Del.C. §4120(d)(1) (Superintendent has "authority" to audit registry) and §4121(k)(registry "shall be . . . audited by the Delaware State Police").

**VII.    DEFENDANTS KRAMKA AND CHAFFINCH MUST BE DISMISSED AS SERVICE OF PROCESS WAS NEVER PROPERLY EFFECTED UPON THEM.**

Federal Rule of Civil Procedure 4(m) provides: "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant. . . ."  In the absence of good cause, the case should be dismissed.  Id.  In this case, Plaintiff filed his Amended Complaint on October 23, 2006 (D.I. 11).  Plaintiff effected timely service of process on Defendants Thomas, Hudson and MacLeish.  (D.I. 13, 16, 19).  Summonses were returned *non est* as to Defendants Chaffinch and Kramka.  (D.I. 12, 15).

The 120th day from the filing of Plaintiff's Amended Complaint was February 20, 2007.  As of the filing of this Opening Brief in Support of Defendants' Motion to Dismiss, service of process has not been effected on either Defendant Chaffinch or Kramka.  Accordingly, these defendants move to dismiss the suit on the basis of failure to comply with F.R.C.P. 4(m), as well as for the numerous other reasons set forth herein.

## <u>CONCLUSION</u>

Clearly, even accepting the allegations of Plaintiff's complaint as true, he has failed to invoke the subject matter jurisdiction of this Court and has failed to state any claim, against any Defendant, upon which relief could be granted.  For the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's complaint with prejudice.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


  /s/ *Stephani J. Ballard*
STEPHANI J. BALLARD  (I.D. No. 3481)
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED:  March 14, 2007

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on March 14, 2007, she caused the attached ***State***

***Defendants' Opening Brief in Support of Motion to Dismiss Complaint*** to be delivered to the

following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

> Marvin D. Spady
> SBI# 224202
> DCC
> 1181 Paddock Road
> Smyrna, DE 19977

**MANNER OF DELIVERY:**

**\_\_\_\_\_** One true copy by facsimile transmission to each recipient.

**\_\_X\_\_** Two true copies by first class mail, postage prepaid, to each recipient.

**\_\_\_\_\_** Two true copies by Federal Express.

**\_\_\_\_\_** Two true copies by hand delivery to each recipient.

> */s/ Stephani J. Ballard*
> Stephani J. Ballard, I.D. No. 3481
> Deputy Attorney General
> Carvel State Office Building
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801
> 302-577-8400
> Attorney for Defendants

# Exhibit A

```
Position cursor or enter screen value to select
GC701A              ***** Courts Case Management *****
Mar 13,07                 - Browse Docket -                    1 more >


Name: SPADY MARVIN D.           SBI#: 00224202   DOB:███████████
Age Of Case: 1179  Status: SC CC    Crt: S  Loc: S  Company Ind:
     Event      Date     Ref
-- ------ ---------- ---- -------------------------------------------------
01 ACCEPT 12/31/2003    1 CASE ACCEPTED IN SUPERIOR COURT.
02 NSDREQ 01/20/2004    2 NOTICE OF SERVICE - DISCOVERY REQUEST, DEMAND FOR POL
03 INFO   02/18/2004    3 WAIVER OF INDICTMENT & INFORMATION FILED.
04 SUMMLD 02/24/2004    4 SUMMONS MAILED.
05 AA     03/04/2004    5 ARRAIGNMENT:  DEFENDANT FAILED TO APPEAR - CAPIAS ORD
06 NSDRES 03/05/2004    6 NOTICE OF SERVICE - DISCOVERY RESPONSE FILED BY ADAM
07 CAPIAS 03/31/2004    7 CAPIAS RETURNED IN SUPERIOR COURT.
08 CCR    05/03/2004    8 CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW.
09 DISRES 05/13/2004    9 SUPPLEMENT TO DISCOVERY RESPONSE FILED BY ADAM GELOF
10 SUBISS 05/21/2004   10 SUBPOENA (1) KENT COUNTY SHERIFF
11 SUBISS 05/21/2004   11 SUBPOENA (1) SUSSEX COUNTY
12 CFCR   06/10/2004   12 FINAL CASE REVIEW:  DEFENDANT PLED GUILTY/SENTENCED,
13 LETTER 12/20/2004   13 LETTER FROM ADAM D. GELOF TO JUDGE BRADLEY RE:  RESTI
Case#: 0312013881  Date: _____   Event: _____   Crt S  Detail _  Sel: __
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
     help  retrn CASE  DETL  SCHED CHARG bkwrd SENT  PRINT WANTP  < >  main
```

Position cursor or enter screen value to select
GC701A                    ***** Courts Case Management *****
Mar 13,07                    - Browse Docket -                      1 more >

Name: SPADY MARVIN D.              SBI#: 00224202  DOB: ▐▬▬▬▬▬▬▬▬▬
Age Of Case: 1179  Status: SC CC   Crt: S  Loc: S  Company Ind:
    Event      Date      Ref
-- ------ ---------- ---- --------------------------------------------------
01 SENT   12/22/2004   14 MODIFIED SENTENCE ORDER
02 MTNCOR 03/08/2006   15 MOTION FOR CORRECTION OF SENTENCE FILED BY DEFENDANT
03 MTNMOS 03/09/2006   16 MOTION FOR MODIFICATION OF SENTENCE FILED BY DEFENDAN
04 LETTER 03/30/2006   17 LETTER FROM JUDGE BRADLEY TO DEF.
05 DEFLTR 04/04/2006   18 DEFENDANT'S LETTER FILED.
                          *** End of Data ***


Case#: 0312013881_  Date: _____  Event: _____  Crt S  Detail _  Sel: __
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12--
     help  retrn CASE  DETL  SCHED CHARG bkwrd SENT  PRINT WANTP  < >  main

Position cursor or enter screen value to select
GC701A                    ***** Courts Case Management *****
Mar  8,07                     - Browse Docket -                      1 more >

Name: SPADY MARVIN D.                SBI#: 00224202   DOB: ████████████
Age Of Case: 605    Status: SA CC        Crt: S  Loc: S  Company Ind:
     Event      Date      Ref
-- ------  ----------  ----  --------------------------------------------------
01 ACCEPT 07/14/2005     1  CASE ACCEPTED IN SUPERIOR COURT.
02 RELESE 07/22/2005     2  RELEASE
03 NSDREQ 07/28/2005     3  NOTICE OF SERVICE - DISCOVERY REQUEST, REQUEST FOR PO
04 INFO   08/19/2005     4  INFORMATION FILED.
05 WAIVER 09/13/2005     7  WAIVER OF INDICTMENT FILED.
06 CERTIF 09/13/2005     8  CERTIFICATE OF SERVICE FILED BY ADAM GELOF
07 SUMMLD 09/15/2005     5  SUMMONS MAILED.
08 SUMMLD 09/15/2005     6  SUMMONS MAILED.
09 SUMMRE 09/23/2005     9  SUMMONS SENT BY MAIL RETURNED - FORWARDING ORDER EXPI
10 AA     09/29/2005    10  ARRAIGNMENT:  DEFENDANT FAILED TO APPEAR - CAPIAS ORD
11 LETTER 10/03/2005    11  LETTER FROM JUDGE GRAVES TO THE DEFENDANT, EDWARD BOY
12 CAPIAS 10/17/2005    12  CAPIAS RETURNED IN SUPERIOR COURT.
13 CCR    11/02/2005    13  CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW.
Case#: 0503022648   Date: _____   Event: _____   Crt S  Detail _  Sel: __
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
       help  retrn CASE  DETL  SCHED CHARG bkwrd SENT  PRINT WANTP  < >  main

```
Position cursor or enter screen value to select
GC701A              ***** Courts Case Management *****
Mar  8,07                   - Browse Docket -                  1 more >

Name: SPADY MARVIN D.            SBI#: 00224202   DOB:
Age Of Case: 605   Status: SA CC      Crt: S  Loc: S  Company Ind:
    Event      Date     Ref
-- ------  ----------  ----  ------------------------------------------------
01 SUBISS  11/07/2005   14  SUBPOENA(1) ISSUED.
02 SUBISS  11/07/2005   15  SUBPOENA(1) ISSUED.
03 CFCR    11/23/2005   16  FINAL CASE REVIEW:  DEFENDANT PLED GUILTY/SENTENCED,
04 CAPVOP  01/19/2006   17  CAPIAS ISSUED FOR VIOLATION OF PROBATION.  RECOMMENDE
05 CAPIAS  01/24/2006   18  CAPIAS RETURNED IN SUPERIOR COURT.
06 LETTER  01/26/2006   19  LETTER FROM THE COURT TO MARVIN SPADY
07 VOP     02/09/2006   20  VIOLATION-OF-PROBATION HEARING:  DEFENDANT FOUND IN
08 SENT    02/13/2006   21  CORRECTED SENTENCE FILED.  SENTENCE OF 2/9/06 IS CORR
09 MEMO    02/14/2006   22  MEMORANDUM FILED.
10 MTNCOR  03/08/2006   23  MOTION FOR CORRECTION OF SENTENCE FILED BY DEFENDANT
11 MTNMOS  03/09/2006   24  MOTION FOR MODIFICATION OF SENTENCE FILED BY DEFENDAN
12 LETTER  03/30/2006   25  LETTER FROM JUDGE BRADLEY TO DEF.
13 DEFLTR  04/04/2006   28  DEFENDANT'S LETTER FILED.
Case#: 0503022648_  Date: _____  Event: _____  Crt S  Detail _  Sel: __
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
     help  retrn CASE  DETL  SCHED CHARG bkwrd SENT  PRINT WANTP  < >  main
```

Position cursor or enter screen value to select
GC701A              ***** Courts Case Management *****
Mar  8,07                    - Browse Docket -                  1 more >

Name: SPADY MARVIN D.          SBI#: 00224202  DOB:██████████
Age Of Case: 605  Status: SA CC    Crt: S  Loc: S  Company Ind:
    Event      Date    Ref
-- ------ ---------- ---- ------------------------------------------------
01 MTNMOS 04/07/2006   26 MOTION FOR MODIFICATION OF SENTENCE FILED BY DEFENDAN
02 LETORD 04/12/2006   27 LETTER/ORDER ISSUED BY JUDGE: RICHARD F. STOKES
03 DEFLTR 11/15/2006   29 DEFENDANT'S LETTER FILED. REQUESTING INFORMATION, SEN
                          *** End of Data ***

Case#: 0503022648_ Date: _____  Event: _____  Crt S  Detail _  Sel: __
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
     help  retrn CASE  DETL  SCHED CHARG bkwrd SENT  PRINT WANTP < >  main

# Exhibit B

# JUDICIAL ACTION FORM – SUSSEX COUNTY SUPERIOR COURT

## [ ] COMMITMENT [X] RELEASE

ACTION DATE 6/10/04

JUDGE Bradley

CT CLERK Remader

CT REPORTER Krishingun

DEFENDANT Spade, Marvin D. SBI# 00229202

ID# 0312 513331 DOB: ▓▓▓▓

DEF ATTY Butler DAG ▓▓▓▓

P&P OTHER

[ ] ARR [X] PLEA [X] SENTENCE [ ] TIS [ ] NON-TIS [ ] PSI ORDERED [ ] SENT. DATE
[X] NO [ ] YES-RULE 11 (E)(1)(C) PLEA [ ] REVIEW OF SENTENCE [ ] AMENDED SENTENCE
[ ] SEX OFFENDER [ ] VICTIM LESS THAN 16 [X] TIER LEVEL 1 [ ] ASSIGNED

CR-A NO. 03-12-1195 CHARGE Unlawful Sexual 2nd LIO Unlawful Sexual Contact 3rd

1. COURT COSTS ARE [X] Levied [ ] Suspended [ ] Waived
2. COURT APPOINTED ATTY. FEE IS [X] Levied [ ] Waived [ ] Non-applicable

4. FINE $_____ Amt. Suspend _____ [ ] VCF (18%) [ ] DRTE FUND (15%)
[ ] 1179019 ASSESSMENT $_____ CIVIL PENALTY $_____

5. [ ] 1ST OFFENDER [ ] 2ND OFFENDER [ ] ALCOHOL [ ] DRUG
DELAYED REPORTING DATE _____ FACILITY _____

6. CUSTODY for 1 yrs _____ mos _____ days at LEVEL 5 [ ] with credit for time served

after SERVING _____ yrs _____ mos _____ days at LEVEL _____

[X] a. SUSPENDED for 1 yrs _____ mos _____ Days at LEVEL 2 [ ] CONS [ ] CONC

[ ] b. FOLLOWED BY _____ yrs _____ mos _____ days at LEVEL _____ [ ] CONS [ ] CONC

[ ] c. FOLLOWED BY _____ yrs _____ mos _____ days at LEVEL _____ [ ] CONS [ ] CONC

[X] d. RESTITUTION ordered State has 180 days

[ ] e. LEVEL IV Sentence: Hold at LEVEL _____ until space is available at LEVEL IV:
[ ] Work Release [ ] Home Confinement [ ] RSAT [ ] CREST [ ] PASSAGEWAY [ ] VOP CTR.
[ ] f. Upon Successful completion of the Level IV Program, then balance of the level 4 sentence is suspended for
_____ yrs _____ mos _____ days at LEVEL _____ To be followed by _____
_____ yrs _____ mos _____ days at LEVEL _____
[ ] g. While at Level 5, defendant is to enter into the [ ] New Hope [ ] Key [ ] Boot Camp [ ] WCI Village
Upon successful completion of the level 5 program, then balance of the level 5 sentence is suspended for
_____ yrs _____ mos _____ days AT LEVEL _____ To be followed by _____
_____ yrs _____ mos _____ days AT LEVEL _____

Special Conditions of Probation:
[X] 1. Pay restitution, fines, costs, etc. during [X] period of probation [ ] _____ ONC
[ ] 2. Community Service Hours [ ] 5 - 35 hrs [ ] _____ [X] Work Referral
[X] 3. No Contact with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ - person or property ONC
[ ] 4. License Revoked Pursuant to Statute [ ] No Driving for _____ yrs _____ mos _____ days. 0
[ ] 5. Substance Abuse Evaluation & Counseling/Testing/Treatment [ ] TASC Monitoring ONC
[X] 6. Mental Health Evaluation [ ] Psych. Treatment [ ] Psych. Counseling
[ ] 7. Domestic Violence Counseling [ ] Anger Management Counseling [ ] Parenting Classes
[ ] 8. Sex. Offender Counseling/Treatment [ ] Submit to DNA Blood Testing
[ ] 9. DOC has the discretion to move the defendant between levels 3, 2 and 1 probation.
[ ] 10. Complete course of instruction pursuant to 21 Del. C. 4177 [ ] Forfeit _____ VOP CTR.
[ ] 11. Other _____

Nolle Prosequi Entered on Numbers: _____

Prothonotary JOYCE COLLINS
Deputy/Clerk ▓▓▓

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE

    VS.

MARVIN D SPADY

Alias: See attached list of alias names.

DOB: ████████
SBI: 00224202

CASE NUMBER:                          CRIMINAL ACTION NUMBER:
0312013881                            PS03-12-1195I
                                      UNLAW SEX CON.3(M)
                                      LIO:UNLAW SEX CON 2

SENTENCE ORDER

NOW THIS 10TH DAY OF JUNE, 2004, IT IS THE ORDER OF THE
COURT THAT:

The defendant is adjudged guilty of the offense(s) charged.
The defendant is to pay the costs of prosecution and all
statutory surcharges.

Restitution is to be determined by Department of Justice
within 60 days.

  AS TO PS03-12-1195-I : TIS
UNLAW SEX CON.3

Effective June 10, 2004  the defendant is sentenced
as follows:

  - The defendant is placed in the custody of the Department
of Correction for 1 year(s) at supervision level 5

  - Suspended for 1 year(s)  at supervision  level 2

  Probation is concurrent to any probation now serving.

**APPROVED ORDER**      1      June 14, 2004 13:06

## SPECIAL CONDITIONS BY ORDER

STATE OF DELAWARE
     VS.
MARVIN D SPADY
DOB: ██████████
SBI: 00224202

                  CASE NUMBER:
                    0312013881

The defendant shall pay any monetary assessments ordered during the period of probation pursuant to a schedule of payments which the probation officer will establish.

Should the defendant be unable to complete financial obligations during the period of probation ordered, the defendant may enter the work referral program until said obligations are satisfied as determined by the Probation Officer.

Have no contact with the victim(s) ████████████████
, the victim's family or residence.

Defendant shall receive mental health evaluation and comply with all recommendations for counseling and treatment deemed appropriate.

JUDGE E. SCOTT BRADLEY

**APPROVED ORDER**    2    June 14, 2004 13:06

**FINANCIAL SUMMARY**

**STATE OF DELAWARE**
         **VS.**
**MARVIN D SPADY**
**DOB:** ████████████
**SBI: 00224202**

                  **CASE NUMBER:**
                    **0312013881**


SENTENCE CONTINUED:

| | |
|---|---:|
| TOTAL DRUG DIVERSION FEE ORDERED | |
| TOTAL CIVIL PENALTY ORDERED | |
| TOTAL DRUG REHAB. TREAT. ED. ORDERED | |
| TOTAL EXTRADITION ORDERED | |
| TOTAL FINE AMOUNT ORDERED | |
| FORENSIC FINE ORDERED | 50.00 |
| RESTITUTION ORDERED | |
| SHERIFF, NCCO ORDERED | |
| SHERIFF, KENT ORDERED | 15.00 |
| SHERIFF, SUSSEX ORDERED | 15.00 |
| PUBLIC DEF, FEE ORDERED | 50.00 |
| PROSECUTION FEE ORDERED | 100.00 |
| VICTIM'S COM ORDERED | |
| VIDEOPHONE FEE ORDERED | 1.00 |
| | |
| TOTAL | 231.00 |


**APPROVED ORDER**    3    June 14, 2004 13:06

## LIST OF ALIAS NAMES

STATE OF DELAWARE
      VS.
MARVIN D SPADY
DOB: ████████████
SBI: 00224202

                            CASE NUMBER:
                                0312013881

DERRICK M SPADY
LAWRENCE J SPADY

**APPROVED ORDER**        4        June 14, 2004 13:06

Superior Court of the State of Delaware, _____ Sus x _____ County

# PLEA AGREEMENT

State of Delaware v. _____ MARVIN SPADY _____

Case No(s): _____ 0312013881 _____   Cr.A.#s: _____ S03-12-1195 _____

☐ Title 11HAB. OFFENDER _____          ☐ BOOT CAMP ELIGIBLE          ☐ INELIGIBLE
☐ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☒ Title 11, §4336, sex offender notification required    ☒ Title 11, §9019(e), forensic fine ☒ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge | [LIO if applicable] |
|-------|--------|--------|---------------------|
| 1 | S03-12-1195 | Unlawful Sexual Contact 3RD [LIO (n) §767] | |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☐ all remaining charges on this indictment:

| Count | Cr.A# | Charge |
|-------|-------|--------|
| | | |

**Sentence Recommendation/Agreement:**    ☒ PSI  OR  ☒ Immediate Sentencing
2 YRS L5 suspended for 2 YRS L2
(consecutive to §767 )
( Probation becomes effect AFTER sentences ( VK 02-02-0418
( VK 01-02-0548

**State and Defendant agree to the following:**
☒ Restitution: STATE 60 Days to supply amount / (all costs related... counseling etc.)
☒ No _____  contact w/ _person/property_ ████████████
☒ Other Conditions:
Mental Health Eval & comply all sexual counseling
TIER I Registration

DAG: _____ ADAM D. GELOF _____
**PRINT NAME**

_____
**SIGNATURE**

Date: _____ 6/04/04 _____

DEF. COUNSEL: _____ James D. Nutter Esq _____
**PRINT NAME**

_____
**SIGNATURE**

DEFENDANT: _____ Marvin R. Spady _____

XC: Attorney for Defendant, Defendant
    Attorney General, Attorney General Worksheet

Page _____ of _____

# TRUTH-IN-SENTENCING GUILTY PLEA FORM
## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR _Sussex_ COUNTY

STATE OF DELAWARE )
v. ) ID: _03120138 81_
_Mariah Spidy_ )
) CRA: _S03-12-1195_

### _The defendant must answer the following questions in his or her own handwriting._

Date of Birth _2/4/71_    Last grade in school completed _12th Grade_

Have you ever been a patient in a mental hospital? ☐ Yes ☒ No
Are you under the influence of alcohol or drugs at this time? ☑ Yes ☒ No
Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement? ☒ Yes ☐ No
Have you been promised anything that is not stated in your written plea agreement? ☐ Yes ☒ No
Has your attorney, the State, or anyone threatened or forced you to enter this plea? ☐ Yes ☒ No

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional right:
(1) to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(2) to a speedy and public trial;
(3) to trial by jury;
(4) to hear and question the witnesses against you;
(5) to present evidence in your defense;
(6) to testify or not testify yourself; and,
(7) to appeal to a higher court? ☒ Yes ☐ No

| OFFENSE | STATUTORY PENALTY Incarceration | Amount of fine (range if applicable) | TIS GUIDELINE |
|---|---|---|---|
| USC 3rd (con) | 0-2 Year LS | Up To $2300 | 12 Mnth L2 |
| | | | ☒ Yes ☐ No |
| | | | ☐ Yes ☒ No |

TOTAL CONSECUTIVE MAXIMUM PENALTY: Incarceration: _2 Year LS_ Fine: _$2300_

_NON-CITIZENS: Conviction of a criminal offense may result in deportation, exclusion from the United States, or denial of naturalization._

Do you understand that, if incarcerated, you will not be eligible for parole, and the amount of early release credits which you may earn will be limited to a maximum of ninety (90) days per year? ☒ Yes ☐ No
Is there a minimum mandatory penalty? _NO_ ☐ Yes ☒ No
If so, what is it?_____
Is there a mandatory revocation of driver's license or privileges for this offense or as a result of your plea? ☐ Yes ☒ No
If so, what is the length of revocation? _n/a_ years
Has anyone promised you what your sentence will be? ☐ Yes ☒ No
Were you on probation or parole at the time of this offense? (A guilty plea may constitute a violation.) ☒ Yes ☐ No
Do you understand that a guilty plea to a felony will cause you to lose your right to vote, to be _N/a_
a juror, to hold public office, and other civil rights? ☐ Yes ☒ No
Have you been advised that this is an offense which results in the loss of the right to own or possess _N/a_
a deadly weapon? ☐ Yes ☒ No
Have you been advised that this is an offense which requires registration as a sex offender? _(T, or I)_ ☒ Yes ☐ No
Are you satisfied with your lawyer's representation of you and that your lawyer has fully advised you _(T, or I)_
of your rights and of your guilty plea? ☒ Yes ☐ No
Have you read and understood all the information contained in this form? ☒ Yes ☐ No

_____  _6/10/07_  _Mariah R. Spidy_
Defense Counsel      Date        Defendant

Print name: _Tanel M. Nifferty_      Print name: _Mariah Spidy_

Copies: Superior Court, Attorney General, Attorney for Defendant, Defendant      Document No.: 02-03-10-00-05-01 (Rev. 03/09/00)

# I M M E D I A T E   S E N T E N C I N G   F O R M *

State v. _____ MARVIN SPADY _____

Cr.A.# _O2120I3881_ Def.ID# _____

### TO BE COMPLETED BY THE DEPUTY ATTORNEY GENERAL.

**Records of the Attorney General's Office in Sussex County indicate the following convictions since 1976:**

____ Number of prior felonies (Specify crime and year of
                                    conviction)

_ASSAULT 2ND (LAW) 6/02_

_BURG 2ND_ _____

____ Number of prior non-violent felonies (Specify crime and year
                                    of conviction)

_BURG 3RD   8/94_      ( _4 crs USI chld_
                              _< 16  NPcd  5/94_

_BURG 3RD   1/91_

____ Number of prior misdemeanors (Specify crime and year of
                                    conviction)

| Reck ALR 3/03 | Crim Imp 8/94 |
| Poss Narcotic 2/01 | Crim Imp 3/94 |
| DUI 8/01 | PARA 2/90 |
| Escape 3RD 11/95 | Poss Mary 1/87 |

**YES/UNKNOWN**     Was this crime committed while defendant was on
**(circle one)**    release or pending trial/sentencing?

**YES/No**          Will this plea result in an enhanced penalty
**(circle one)**    and/or a minimum mandatory penalty?

                    If Key and/or CREST are being requested, has the
                    defendant been evaluated for substance abuse
                    rehabilitation needs? Yes____ No ____ If
                    not, be prepared to address if Key and CREST
                    resources are appropriate.

_Adam D. Gelof_                                          _6/04/04_
(print)              (sign)                              Date
**Deputy Attorney General**


***This form is required for immediate sentencing.**

**TO BE COMPLETED BY DEFENDANT:**

_____4_____     Number of prior felonies in Delaware or any other
State: (Specify crime and year of conviction)
SEE OTHER SIDE

_____6_____     Number of prior misdemeanors: (Specify crime and
year of conviction)
SEE OTHER SIDE

YES/NO     Was this crime committed while you
(circle one)     were on release or pending
trial/sentencing?

YES/NO     Were you on probation or parole?
(circle one)     If so, what probation level? _____

_____    _____   6/10/04
Print Defendant's Name     Defendant's Signature     Date

Any false statements made on this paper are punishable under
11 Del.C. §1233.

# Exhibit C

**Delaware Sex Offender Registration Form**
**Sex Registration - Reprint**

**Registering Agency:** Kent County Superior Court
**Registration Date:** 02/04/2005

**Offender Name:** SPADY, MARVIN D
**S.B.I. Number:** 00224202                    **F.B.I. Number:** 864691JA1
**Social Security Number** ████████             **Date of Birth:** ████████

**Risk Level:** 3 - HIGH                        **Assessment Date:** 02/04/2005
**Police Jurisdiction:** Ellendale PD

**Sex:** Male              **Height:** 5 ft. 06 in.    **Eye Color:** Brown
**Weight:** 160 lbs.       **Hair Color:** Black       **Race:** Black

**Aliases:**
1. SPADY, LAWRENCE   J
2. SPADY, DERRICK   M

**Scars, Marks, Tattoos or other Identifying Features:**
1. Scar--Right Eyebrow

---

**Address, Employer, Place of Study and Hosts Information**

**Registered Address:**
████████
ELLENDALE, DELAWARE  19941
SUSSEX COUNTY
**Home Phone:** ████████
**Effective:** 12/01/2005

**Registered Employer:**              **Registered Place of Study:**
Unemployed                           Not Attending

**Effective:** 02/04/2005            **Effective:** 02/04/2005

**Host Address(es):**                **Host Address(es):**
None                                 None

**Effective Date of Anticipated Release**
12/01/2005

**Delaware Sex Offender Registration Form**
**Sex Registration - Reprint**

**SBI Number:** 00224202        **Offender:** SPADY, MARVIN D

**OFFENSE SUMMARY:**

**DUC/Case Number:** 0312013881
**Complaint Number:** 5103009145
**Arresting Agency:** 51
**Court of Conviction:** Sussex County Superior Court
**State of Conviction:** DE
**Date of Plea/Verdict of Guilt:** 06/10/2004
**Date of Sentence:** 02/04/2005
**Date of Incarceration:**
**Lead Offense:** DE1107670000MA

---

**CHARGE SUMMARY**

| INCIDENT | CHG | STATUTE | DESCRIPTION |
|----------|-----|---------|-------------|
| 0312013881 | 001 | DE1107670000MA | UNLAWFUL SEXUAL CONTACT THIRD DEGREE |

---

**VICTIM(S) INFORMATION**

| COMPLAINT | AGE | RELATIONSHIP |
|-----------|-----|--------------|
| 5103009145 | 012 | OTHERWISE |

**Delaware Sex Offender Registration/Notification Supplement**

1. Pursuant to 11 Del. C. 4120, any person convicted of a sexual offense must register with the Superintendent of the Delaware State Police.

2. If the person required to register changes their Residence, Place of Employment and/or Place of Study, the law requires that the offender inform the Superintendent of the Delaware State Police of the change within seven (7) days. The notification of change must be made in writing.

3. This form can be obtained by contacting the Delaware State Police at the State Bureau of Identification.

4. If the person required to register is going to reside outside of the State of Delaware, the offender must still comply with the registration requirements within Delaware. The offender must also register in the state in which they are going to reside.

5. Delaware law requires that the registration include fingerprints and photograph. If the Offenders fingerprints or photograph are not on file with SBI, the offender will be contacted with directions for complying with this requirement. It is the Offenders responsibility to provide fingerprints and photographs.

6. Any person who knowingly or recklessly fails to register or re-register pursuant to this section or to otherwise comply with any of the provisions of this section, shall be guilty of a Class G Felony.

I have read and I understand the registration requirements set forth in 11 Del. C.
The information contained on this form is true and correct.

Kenneth G. Mayer    Cpl          Marvin D Spady          12-1-05
Please print Witness and Title               Registrant's Signature                    Date

Kenneth G Mayer    12/1/05
Witness Signature                            Legal Guardian of Juvenile Offender      Date

INSTRUCTIONS:
Forward the signed original copy to:    Delaware State Police, SBI
                                        P.O. Box 430
                                        Dover, DE  19903

# Exhibit D

Ⓟ Ⓠ

Honorable Judge Richard F. Stokes                    March 06, 2006

Sussex County Superior Court

1 The Circle, Suite #2

Georgetown, De 19947          ⑯✓      ⑮✓

Re: Correction of Sentences case# 0312013881   DE110767OOOOMA

Modification of Sentences case# 0503022648   IS05070387 IN

           ⓐ✓     ㉓✓

    State of Delaware v. Marvin D Spady 0022420z

Honorable Judge Stokes:

    I am writing you this letter in concern of a very serious matter

I was convicted, plea of guilty on 6/10/2004 of unlawful sexual

contact third degree. At the time of sentencing I was informed by

my attorney James Nutter that I was a low tier risk 1 I would

not be posted on the internet. I signed the registration at

court and was sentenced that day. I was serving time

for violating probation I got out of jail Feb 23, 2005, In

July 05 I was charged with failure to re-register

I plead Guilty Nov. 23. 05 was sentenced to probation.

While being detained I studied the title 11 Book

and learned that the police were never supposed to come

to my house or residence cause I was never supposed to

be posted as High risk # 3. My picture is on the internet.

People look at me different. Community notification of sex offender

is only for Tier II + Tier III see Title 11 4121 pg. 450 I have

been slandered. I've talked to a lawyer he suggested

I write you to try to resolve this problem. Why am I pro-

filed High risk when law states when convicted

for misdemeanor A you are classified to tier I  I never

should have been convicted for failure to re-registar.

Warrant for my arrest was falsly obtained. After studying

this I know every thing about registration of sex

offenders. I am very upset about being posted on the worldwide internet. Could you issue a corrective order instructing the State of Delaware to remove my identification from the internet. Also I am still at Level 5 for my violation I am asking for a modification of the Level IV sentence to 90 days Level 5, I also have case pending in Kent County Superior Court the registering Agency on my Delaware Sex Offender Registration Form, would like this case resolved as soon as possible. Your time is greatly appreciated in this matter. Could we take care of this soon as possible people are looking at the internet every day. Looking forward to hearing from you soon.

Sincerly,

Marvin D. Spady

Marvin D. Spady

274202

cc Marvin Spady
cc Honorable Judge
cc Lawyer MJM.

# Exhibit E



**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

E. SCOTT BRADLEY
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

March 29, 2006

Marvin D. Spady
SBI # 00224202
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

RE: **State of Delaware v Marvin D. Spady**
Cr.A. No. 03-12-1195    Def. ID No. 0312013881
Cr.A. No. 05-07-0387    Def. ID No. 0503022648

Dear Mr. Spady:

I have reviewed your letter dated March 6, 2006 that you wrote Judge Richard F. Stokes. You requested a Correction of Sentence under Def. ID No. 0312013881 and a Modification of Sentence under Def. ID No. 0503022648.

As to the Correction of Sentence under Def. ID No. 0312013881 that I presided over, you were registered as a Tier 3 by the Dept. Of Correction before you were released. The tier level has been corrected to show Tier 1 as of Friday, March 24, 2006.

As to the Modification of Sentence under Def. ID No. 0503022648 that Judge Stokes presided over, the initial offense arose when you registered an address that was a dilapidated, uninhabited trailer. Any person registered as a sex offender, regardless of the tier level, has their address verified. The violation of probation on that charge again occurred due to the fact that you provided an address to Probation and Parole that mail was sent to and returned from the post office marked "No Such Number/Street." If you still wish to file a Modification of Sentence for ID No. 0503022648, you will need to send that request directly to Judge Stokes.

Very truly yours,

E. Scott Bradley

ESB:lsm
cc: Prothonotary (ID # 0312013881)
Prothonotary (ID # 0503022648)

FILED
06 MAR 30 PM 2: 44
PROTHONOTARY
SUSSEX CO.

# Exhibit F

**Delaware Sex Offender Registration Form**
**Update of Registered Sex Offender**
**\*\* Notice of Tier Level Change \*\***

**Registering Agency:** U8 KENT COUNTY SUPERIOR COURT
**Registration Date:** 02/04/2005

**Offender Name:** SPADY, MARVIN D
    **S.B.I. Number:** 00224202    **F.B.I. Number:** 864691JA1
**Social Security No.:** ████████    **Date of Birth:** ████████

    **Risk Level:** 1  Low      **Assessment Date:** 06/10/2004
**Police Jurisdiction:** 04 TROOP 4 STATE POLICE

    **Sex:** Male   **Height:** 5ft. 06in.  **Eye Color:** BROWN
    **Race:** B     **Weight:** 160lbs.   **Hair Color:** BLACK

**Alias or Nicknames:**
   1. SPADY, MARVIN D      4.
   2. SPADY, LAWRENCE J    5. JEROME
   3. SPADY, DERRICK M     6. MONK

**Scars, Marks, Tattoos or other Identifying Features:**
   1. SC R EYE  2.      3.      4.       5.

---

**Registered Address:**
████████
ELLENDALE, DE 19941
Sussex County
Effective: 12/01/2005

**Address Prior to Conviction:**
BRIDGEVILLE, DE 19933
Sussex County
Effective: 07/23/2005

**Registered Employer:**
   Currently Unemployed
   Effective: 02/04/2005

**Registered Place of Study:**
   Currently not Attending
   Effective: 02/04/2005

**Host Address(es):**
   None

**Host Address(es):**
   None

**Effective Date of Anticipated Release:** 12/01/2005

**Add User:** BACSSAJ    **Update User:** CSCLMON

---

Delaware Sex Offender Registration Form
Update of Registered Sex Offender
** Notice of Tier Level Change **

SBI Number:   00224202   Offender:   SPADY, MARVIN D

OFFENSE SUMMARY:

```
      I.D. OR INCIDENT NUMBER: 0312013881 001
            COMPLAINT NUMBER: 5103009145
            ARRESTING AGENCY: MILFORD PD
         COURT OF CONVICTION: SUSSEX COUNTY SUPERIOR COURT
STATE AND COUNTY OF CONVICTION: Delaware          Sussex County
   DATE OF PLEA/VERDICT OF GUILT: 06/10/2004
            DATE OF SENTENCE: 06/10/2004
        DATE OF INCARCERATION:
                LEAD OFFENSE: DE1107670000MA
```

CHARGE SUMMARY:

```
INCIDENT    CHG STATUTE          DESCRIPTION
0312013881 001 DE1107670000MA UNLAWFUL SEXUAL CONTACT THIRD DEGREE
```

VICTIM(S) INFORMATION (INCIDENT NUMBER, AGE & RELATIONSHIP)

```
COMPLAINT    AGE   RELATIONSHIP
5103009145   11    OTHERWISE KNOWN
```

00224202 SPADY, MARVIN D                    03/24/06 PAGE 2 OF 3