# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| Marvin D. Spady<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )   Civil Action No. 06-427-SLR |
| MARY HUDSON, NANCY THOMAS<br>AARON L. CHAFFINCH, THOMAS<br>MACLEISH, AND DANIELLE KROMKA<br>    Defendant. | )<br>)<br>)<br>)<br>) |

### PLAINTIFFS ANSWERING BRIEF AND MEMORANDUM TO STATE DEFENDANTS
### MOTION TO DISMISS

Submitted this 12 day of JUNE, 2007.

_____
MARVIN D. SPADY
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977



## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff has filed the instant complaint with this Court against the following State of Delaware officials: Mary Hudson, L. Aaron Chaffinch, Thomas MacLeish, Danielle Kramka and Nancy Thomas. Essentially, plaintiff claims "equal protection" violations under §1983 arising out of his misclassification at the incorrect tier on the Delaware Sex Offender Registry for approximately one year until the error was corrected by the Court. On or about June 10, 2004, Spady had pled guilty, via a plea agreement, to a sex crime (Unlawful Sexual Contact, Third Degree, 12 year old victim) which is codified as a Class A Misdemeanor. 11 Del.C. §767. Under Delaware's "Megan's Law", 11 Del.C. §§4120, 4121, offenders who commit a Class A misdemeanor sex crime are classified as "Tier 1" sex offenders. Upon his release from prison in February, 2005, Spady was misclassified as a "Tier 3" (high risk) sex offender. According to Delaware Law, Tier 2 and 3 sex offenders have their information posted on the State's public sex offender registry website.[1] 11 Del.C. §4121(j). Data for all sex offenders (all tiers) is contained on the complete Registry, which is accessible to law enforcement. §4121(k).

Plaintiff claims his Constitutional equal protection rights were violated as a result of the misclassification. Plaintiff claims he was "defamed" and has suffered severe mental and emotional distress as a result. Plaintiff seeks relief from this Court, including monetary damages in the amount of $5,000,000.00.

## The Superior Court Proceedings and Sex Offender Registry Records.

The June 4, 2004 plea agreement on file in Spady's criminal case, pertaining to the sex

---

[1] Delaware maintains an online searchable database as to registered Tier 2 and Tier 3 sex offenders, including their registered address, and pictures, if available. www.state.de.us/dsp/sexoff.

offense conviction[2], shows that Spady was correctly listed as a "Tier 1 Registration." (Attached as Exhibit "B")[3]. Official records of the Delaware State Police, which maintains the Sex Offender Registry, show that Spady's initial sex offender registration notice (February 2005) listed him as "Risk Level, 3 – High" and listed the "Registering Agency" as Kent County Superior Court. (Exhibit "C"). The conviction itself was correctly listed as an unlawful sexual contact third degree (a "Tier 1" offense). A form stating that Mr. Spady read and understood the registration requirements, as set forth in the documents, and that the information was true and correct was signed by Mr. Spady and by Defendant, Counselor Mary Hudson, as witness on February 4, 2005. (Ex. "C", p.3). Plaintiff sent a letter to the Court, dated March 6, 2006, stating that he had been released from prison on February 26, 2005. (Exhibit "D," Superior Court #0312013881, D.I. 15-16,).

Plaintiff had returned to prison in July 2005, when he was charged with registering a false address with the sex offender registry.[4] Plaintiff's March 6, 2006 letter to the Court states that at some point during this imprisonment, he learned that he had been incorrectly classified as a Tier 3 sex offender, and his picture was on the internet. (Ex. D, p. 2). Spady requested that the court issue a "corrective order" correcting his classification. (Ex. D, p. 3). In response to the letter, which was construed as Plaintiff's Motion for Correction of Sentence, Judge E. Scott Bradley issued a letter, dated March 29, 2006, stating that the Tier level had been corrected to Tier 1, as of March 24, 2006.

---

2 Sussex County Superior Court, Crim. Case No. 0312013881. The Plea Agreement is part of Docket item No. 12. (Superior Court Dockets in Criminal Cases No. 0312013881 and No. 050322648, attached as Exhibit "A", hereto).
3 Defendants' motion to dismiss for lack of a constitutional claim is grounded in Rule 12(b)(1). Thus, the reference to official Court records of the of the State of Delaware and Delaware State Police Sex Offender Registry, are matters of public record of which this Court may take judicial notice, and does not transform this into a motion for summary judgment. *See* Rule 12(b). *See* Pension Ben. Guar. Corp. v. White Consol. Ind. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).
   Plaintiff has also appended Judge Bradley's letter (Ex. E, here) of March 29, 2006 to his complaint. *NOTE: the name of the minor victim and Plaintiff's personal information (e.g. SS#) has been redacted wherever it appears in the Exhibits.*
4 Although Plaintiff's letter claims that he was arrested because he was considered a high-risk sex offender, the criminal conviction in Case No. 050322648 was for failure to update a change of address, in violation of 11 Del.C. §4120(f)(1),

2a

(Exhibit "E"). A "Notice of Tier Level Change" document, dated March 24, 2006, was entered into DSP's records, listing Spady as "Risk Level 1 Low," apparently in accordance with Judge Bradley's correction of sentence. (Exhibit "F").

It is unknown how, when or by whom, and Plaintiff makes no allegations as to this issue, Plaintiff was misclassified as a Tier 3 offender when he was convicted of a Tier 1 sex offense.

**Allegations against the State Defendants.**

On the face of the complaint, Plaintiff's claims arise out of the following proceedings which involved the State Defendants in the performance of their official functions:

1) Defendants **Mary Hudson, Danielle Kramka** and **Nancy Thomas** were Correctional Counselors at Sussex Correctional Institute (SCI) where Plaintiff was (and is again) incarcerated. Defendant Kramka is no longer employed by the Department of Correction (DOC). Correctional Counselors assist inmates with administrative matters, including gathering information for completion of official forms, including sex offender registration forms for those inmates about to be released. Plaintiff claims that Ms. Hudson, on February 4, 2005, brought Spady a "sex offender registry paper" that was "wrong" and told him he had to sign or would not be released from prison. Plaintiff claims counselors Ms. Thomas and Ms. Kramka "also forced [him] to sign false papers before being released. . . ." No factual allegations of actual "force" are made against any defendant.

2) Plaintiff also complains that Former Delaware State Police (DSP) **Colonel L. Aaron Chaffinch**, and current State Police **Colonel Thomas F. MacLeish** failed to "audit" the Delaware Sex Offender registry. Presumably, Plaintiff alleges that a proper "audit" would have found the mistake in Plaintiff's Tier Classification. Former Colonel Chaffinch was placed on administrative

---

an offense that applies to all tiers. (*See* Ex. E, Judge Bradley's letter of March 29, 2006).

leave as of October 27, 2004 (before the acts alleged in Plaintiff's complaint occurred) and later retired from DSP. Colonel MacLeish became Acting Superintendent on October 27, 2004 and officially became Superintendent on May 6, 2005.

**The Instant Case.**

Plaintiff filed the Amended Complaint with this Court on or about October 23, 2006. (D.I. 10). The amended complaint followed the Court's dismissal *sua sponte* of several additional defendants named in the original Complaint (D.I. 7). Plaintiff timely served Defendants Hudson, Thomas, and MacLeish, and these Defendants filed Waiver of Service forms with the Court. Plaintiff never effected service upon Defendants Kramka and Chaffinch. His time to do so has now expired, and these Defendants move to dismiss claims against them on this, and other, bases. F.R.C.P. Rule 4(m). This Court granted Defendants' motion for additional time, until March 15, 2007, to file a response to Plaintiff's complaint. (D.I. 17). This is the State Defendants' Opening Brief in Support of their Motion to Dismiss Complaint, which is filed simultaneously herewith.

## STATEMENT OF FACTS

For purposes opposing the state defendants Motion to dismiss, this is based solely on

Legal defenses, the state fails to address issue at hand. Plaintiff does state a claim in

Which the court has jurisdiction and which relief can be granted. Geniune issue of

Material fact does exist. State defendants fail to show lawful reason for dismissal.

## Argument

A motion to dismiss under Fed R Civ p12 (b) (6) on the other hand should not be granted unless it appears that the plaintiff can prove no set of facts that would entitle him to relief (see Conley v. Gibson, 355 US. 41, 45-78 S ct. 99 Led 80 (1957)

In undertaking that analysis, we must construe complaints of Pro se litigants liberally see Zilich v.Luch 981 F.2d 694 3d Cir 1992

Prison officials are entitled to qualified immunity from suit unless officials conduct violates clearly established statutory or constitutional right citing Bills v.Dahn. See Holland V.NJ 246 F.3d 267. Surely Megan's Law is clearly established and was improperly used against Plaintiff. See Exhibit E where Judge E. Scott Bradley states you were registered as a tier 3 by the Dept. of Corrections before you were released. Plaintiff was convicted of a misdemeanor. So as in Helman V. State 784, A, 2d 1058, 1071-72 Del 2001. Helman was convicted of a felony and lawfully posted on the internet. Wherefore plaintiff was unlawfully posted on the internet. A Genuine issue of material facts does exist as to whether officials made him sign false papers and misclassified him as tier 3 sex offender, this was malicious and gross negligence act towards plaintiffs. See Megan law 11Del C. 4120, Does not pertain to plaintiff because he was not convicted of a felony, so this was not relevant information to be released to the public. States Defendants fail to address equal protection clause. See Smith V. Mensinger 293 F. 3d 641 Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of Law Fed r. civ. P. 56 (c) citing Brook V, Kyler 204 F. 102, 105 ,51 3d cir 2001

1

An individual, even a prisoner, may not be denied equal treatment afforded those sharing his relevant characteristics simply because statistics show that he belongs to a group that typically does not bear those relevant characteristics. The equal Protection Clause keeps governmental decision makers from treating disparately persons who are in all relevant respects similarly situated U.S.C.A. Const. Amend. 14 citing Nordlinger vs. Williams U. S. (12 S ct. 2326 2331 120 L.Ed.2d (1992) citing Zobel vs. Williams 457 U.S. 5570 102S. ct. 2309 2318 72 L.Ed. 2d672(1982) the idea of equal protection requires attention to individual merit, individual need. See also Anderson vs. Creighton 483 U. S. 635 640,107 S. ct. 3034, 3039, 97 L Ed2d52 (1987)

A right is "clearly established when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. The unlawfulness of the action simply needs to be apparent in light of pre-existing laws. Regulation or policy doesn't matter. Again prison officials nor State Police defendants were not to be posted on internet. Therefore they have violated plaintiff's rights. They are not immune from suit, Defendants are sued in individual and official capacity plaintiff does state a claim upon which relief can be granted. Defendants are not entitled to qualified immunity for actions which are arbitrary and capricious citing Hall V. Lombardi: 996 F2d 954 also Larnes V. Skrutski 62 F. 3d 485. The court does have subject matter jurisdiction over plaintiff complaint under 28 U.S.C section 1331(a) (3), 3343(a) (3)

Complaint cannot be dismissed pursuant to FRCP 12 (b) (c) because he does state claim on which relief can be granted. States Defendants say the named defendants cannot have taken the actions over which plaintiff claims to be aggrieved, registration and tier determination on the sex offender registry is within the exclusive jurisdiction of the Sentencing court. See exhibit E again Judge Bradley states you were registered as a tier 3 by the Dept. of corrections before you were released.

Chaffinch and Macleish also cannot be dismissed because law is clearly established and it means to update, correct mistake every 90 days see Megan's law. They were grossly negligent. A reasonable authority would have audited site. Surely the State Police action and the D.O.C counselor action shock the consciences, and were grossly negligent. Posting plaintiff on sex offender website unlawfully. Plaintiff did not have authority upon service of process. U.S Marshall was supposed to serve defendants again defendant is incarcerated for other reasons. As stated in complaint and amended complaint there was no grievance process in the as to defendants asking for dismissal for not exhausting grievance process.

Qualified immunity is an allowable defense when the official or employer is acting within the scope of their official duties; however when the official knew or should have known that their actions violated clearly established law and there by deprived someone of their rights. They may not be immune from claims for damages. An official cannot claim a defense of qualified immunity when that official actions violated constitutional rights, to fight a defense of qualified immunity, you will need to show that defendants actions violated the law and the law was clearly established when the violation occurred. Citing Burns V. Reed. 500 U478 (1991) Also Richardson V Mc knight 117 s.ct, 2160 (1997 521 US399, 1997) and Buckley V. Vitsimmons 509 US 259. Again plaintiff has

3

shown that state defendants actions violated law and the was clearly established when the violation occurred.

## Conclusion

Clearly, the state defendants have failed to address the issues at hand. This court does have subject matter jurisdiction of this court. Plaintiff has stated a claim upon which relief can be granted .Plaintiff respectfully request this Honorable Court Dismiss States Defendants Motion to dismiss Complaint.

Dated June 12, 2007

Marvin D Spady
SBI 224202
D.C.C. D.E O-14
1181 Paddock Rd.
Smyrna DE 19977

# Exhibit E

SUPERIOR COURT
OF THE
STATE OF DELAWARE



E. SCOTT BRADLEY
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

March 29, 2006

Marvin D. Spady
SBI # 00224202
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

RE: State of Delaware v Marvin D. Spady
    Cr.A. No. 03-12-1195   Def. ID No. 0312013881
    Cr.A. No. 05-07-0387   Def. ID No. 0503022648

Dear Mr. Spady:

    I have reviewed your letter dated March 6, 2006 that you wrote Judge Richard F. Stokes. You requested a Correction of Sentence under Def. ID No. 0312013881 and a Modification of Sentence under Def. ID No. 0503022648.

    As to the Correction of Sentence under Def. ID No. 0312013881 that I presided over, ~~you~~ ~~were~~ ~~released~~. The tier level has been corrected to show Tier 1 as of Friday, March 24, 2006.

    As to the Modification of Sentence under Def. ID No. 0503022648 that Judge Stokes presided over, the initial offense arose when you registered an address that was a dilapidated, uninhabited trailer. Any person registered as a sex offender, regardless of the tier level, has their address verified. The violation of probation on that charge again occurred due to the fact that you provided an address to Probation and Parole that mail was sent to and returned from the post office marked "No Such Number/Street." If you still wish to file a Modification of Sentence for ID No. 0503022648, you will need to send that request directly to Judge Stokes.

Very truly yours,

E. Scott Bradley

ESB:lsm
cc: Prothonotary (ID # 0312013881)
    Prothonotary (ID # 0503022648)

FILED 06 MAR 30 PM 12:44 PROTHONOTARY SUSSEX CO.

# Exhibit F

Certificate of Service

I, Marvin O. Spady hereby certify that I have served 2 true and correct cop(ies) of the attached Opening Brief upon the

Following parties/person (s):

To: Stephani J. Ballard D.A.G
Dept of Justice
State Office Building
820 N. French St
Wilmington, De 19861

To:

To:

To:

    BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 12th day of June, 2007.

                                             Marvin O. Spady
                                             SBI# 224202
                                             Delaware Correctional Center
                                             1181 Paddock Rd.
                                             Smyrna, De 19977

11 § 4121          CRIMES AND CRIMINAL PROCEDURE          11 § 4121

method devised specifically to notify members of the public who are likely to encounter a sex offender. Methods of notification may include door-to-door appearances, mail, telephone, newspapers or notices to schools and licensed day care facilities within the community, or any combination thereof. Community notification may also include a photograph of the offender. If notification is received by the chief administrative officer of a school or school district, "community notification" must be mailed to the residence on record of each student in the school or school district, as the case may be, and shall also be given to all school employees in the district. The notice sent by mail shall include a cover sheet containing the Delaware State Police website address and a request to parents or guardians to periodically review the website for information pertaining to any sex offender who may have contact with their children.

(2) "Conviction" and "convicted" shall include, in addition to their ordinary meanings, adjudications of delinquency and persons found guilty but mentally ill or not guilty by reason of insanity, as provided in § 401 of this title.

(3) "Searchable records available to the public" means records regarding every sex offender convicted after June 27, 1994, who is subject to the registration requirements of § 4120 of this title and who is thereafter designated to Risk Assessment Tier II or III pursuant to this section. Such records shall also include the last verified address for the offender, and shall identify the specific sex offense(s) for which the offender was convicted, and the date(s) of the conviction(s). The records may also include other information designated for public access by the Superintendent of the Delaware State Police. These records shall be searchable by the name of the sex offender and by suitable geographic criteria, and shall be made available to the public upon request through police agencies and public libraries, and by means of the Internet. The records shall be maintained by the Superintendent of the Delaware State Police, as set forth in § 4120 of this title, and elsewhere in this section. They shall be updated as often as practicable, but not less than every 3 months.

(4) "Sex offender" means any person who is, or has been:

    a. Convicted after June 27, 1994, of any of the offenses specified in §§ 765 through 780, § 1100, §§ 1108 through 1112A, § 1335(a)(6), § 1335(a)(7), § 1352(2) or § 1353(2) of this title, or of any attempt to commit any of the aforementioned offenses; or

    b. Any juvenile who is adjudicated delinquent after June 27, 1994, of any offense which would constitute any of the offenses set forth in subparagraph a. of this paragraph if he or she had been charged as an adult; or

    c. Convicted after June 27, 1994, of any offense specified in the laws of another state, the United States or any territory of the United States which is the same as, or equivalent to, any of the offenses set forth in subparagraph a., b. or d. of this paragraph; or

    d. Convicted after September 1, 1998, of a violation of § 783(4) or § 783A(4) of this title, if the purpose of the crime was to facilitate any offense set forth in subparagraph a., b. or c. of this paragraph; or

    e. Charged by complaint, petition, information or indictment with any of the offenses set forth in subparagraphs a., b., c. or d. of this