# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARVIN D. SPADY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MARY HUDSON, AARON L. CHAFFINCH, | ) | C.A. No. 06-427 SLR |
| THOMAS MACLEISH, DANIELLE KRAMKA | ) | |
| and NANCY THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

STEPHANI J. BALLARD, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

DATED: June 28, 2007

# **TABLE OF CONTENTS**

                                                                                                                  Page

TABLE OF CITATIONS ................................................................................................ iii

NATURE AND STAGE OF THE PROCEEDINGS .............................................................. 1

ARGUMENT ..................................................................................................................... 2

    I.      PLAINTIFF FAILS TO ALLEGE THE DEPRIVATION OF A CONSTITUTIONAL RIGHT WHICH WOULD ALLOW THIS COURT TO ASSUME JURISDICTION OVER HIS COMPLAINT, PURSUANT TO 42 U.S.C.A §1983. WITHOUT A CONSTITUTIONAL BASIS TO PROCEED, PLAINTIFF'S ASSERTION OF DISPUTED FACTS DOES NOT SAVE HIS COMPLAINT FROM DISMISSAL ........................................................................ 2

    II.     EVEN IF PLAINTIFF HAD STATED A VIABLE CONSTITUTIONAL CLAIM, HE OFFERS NO FACTS OR AUTHORITY WHICH WOULD NEGATE STATE DEFENDANTS' ENTITLEMENT NOT TO STAND TRIAL UNDER THE DOCTRINE OF QUALIFIED IMMUNITY ................................. 5

CONCLUSION ................................................................................................................ 10

## **TABLE OF CITATIONS**

**Case Name**                                                                                                                                    **Page**

Albright v. Oliver, 975 F.2d 343 (7th Cir. 1992), *aff'd* 510 U.S. 266 (1994) ............................4

Baylis v. Taylor, 475 F.Supp. 2d 484 (D.Del. 2007) ..............................................................3, 7

Bennett v. Murphy, 274 F.3d 133 (3d Cir. 2002) ....................................................................5, 6

Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75 (3d Cir. 1980)............................................8

Brathwaite v. Carroll, 2006 WL 839385 (D.Del. 2006) ............................................................8

Carswell v. Borough of Homestead, 381 F.3d 235 (3d Cir. 2004) ............................................5

Evancho v. Fisher, 423 F.3d 347 (3d. Cir. 2005)...................................................................8, 9

Hall v. Longobardi, 996 F.2d 954 (8th Cir. 1993) .................................................................4, 5

Hunter v. Bryant, 502 U.S. 224 (1991) .......................................................................................6

Kost v. Kozakierwicz, 1 F.3d 176 (3d Cir. 1993).......................................................................3

Lee v. Mihalich, 847 F.2d 66 (3d Cir. 1988) ..............................................................................6

Miller v. City of Philadelphia, 174 F.3d 368 (3d Cir. 1999) .................................................3, 6

Mitchell v. Forsyth, 472 U.S. 511 (1985) ...................................................................................6

Rode v. Dellaciprete, 845 F.2d 1195 (3d Cir. 1988)..................................................................8

Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989) .......................................................................5

Signore v. City of McKeesport, 680 F.Supp. 200 (W.D. Pa. 1988),
    *aff'd*, 877 F.2d 54 (3d Cir. 1989).......................................................................................9

Snowden v. Hughes, 321 U.S. 1 (1944).......................................................................................3

Stone v. Herman, 983 F.2d 107 (8th Cir. 1993)..........................................................................5

Wooters v. Jornlin, 477 F.Supp. 1140 (D.Del. 1979), *aff'd* 622 F.2d 580 (3d Cir. 1980),
    *cert. denied*, 449 U.S. 992 (1980).....................................................................................7

**Statutes, Rules and Other Authorities**

United States Constitution, Eighth Amendment ................................................................. 4, 5

28 U.S.C.A. §1331 ................................................................................................................ 2

42 U.S.C.A. §1983 ................................................................................................................ 2

11 Del. C. §4120(b) .............................................................................................................. 7

11 Del. C. §4120(d) .............................................................................................................. 7

11 Del. C. §4120(j) ............................................................................................................... 7

11 Del. C. §4121(b) .............................................................................................................. 6

11 Del. C. §4121(e) .............................................................................................................. 6

11 Del. C. §4121(k) .............................................................................................................. 7

11 Del. C. §4121(m)(1) ........................................................................................................ 7

11 Del. C. §4121(q) .............................................................................................................. 6

F.R.C.P. 8(a) ........................................................................................................................ 8

## NATURE AND STAGE OF THE PROCEEDINGS

State Defendants' Motion to Dismiss and Opening Brief in support was filed on March 14, 2007. (D.I. 21-22). On or about April 23, 2007, Plaintiff filed a Motion for extension of time to file a response. (D.I. 23). On or about April 27, 2007, counsel for State Defendants indicated they did not oppose Plaintiff's request. (D.I. 24). Accordingly, on May 18, 2007, this Court issued an Order setting the due date for Plaintiff's Answering Brief for June 16, 2007 and Defendants' Reply Brief for June 28, 2007. (D.I. 25). The Certificate of Service to Plaintiff's Answering Brief indicates it was served on June 12, 2007. It was docketed on June 19, 2007 (D.I. 26). This is State Defendants' Reply Brief in accordance with the Court's scheduling order.

Plaintiff appears to agree to and adopt Defendants' "Nature and Stage of Proceedings" and "Statement of Facts" from the Opening Brief, as he explicitly incorporates them into his Answering Brief. (*See* pp. 1a-4a).

**ARGUMENT**

I. **PLAINTIFF FAILS TO ALLEGE THE DEPRIVATION OF A CONSTITUTIONAL RIGHT WHICH WOULD ALLOW THIS COURT TO ASSUME JURISDICTION OVER HIS COMPLAINT, PURSUANT TO 42 U.S.C.A §1983. WITHOUT A CONSTITUTIONAL BASIS TO PROCEED, PLAINTIFF'S ASSERTION OF DISPUTED FACTS DOES NOT SAVE HIS COMPLAINT FROM DISMISSAL.**

Plaintiff, in his Answering Brief, continues to argue that his constitutional rights have been violated by State Defendants, yet fails to articulate what "rights" these are. The federal courts are not a venue for every dissatisfaction with the performance of a government agency or official. For this Court to have original jurisdiction over the instant complaint, Plaintiff must plead the abridgement of some *federally protected* right. 28 U.S.C.A. §1331. Claims will sound in this court, under 42 U.S.C.A. §1983, only for "the deprivation of any rights, privileges, or immunities *secured by the Constitution and laws . . . .*"

Plaintiff's complaint against State Defendants arises out of his having been mistakenly classified, for approximately one year, on the Delaware Sex Offender Registry as a "Tier 3" sex offender when he was actually a "Tier 1" sex offender, as determined by the nature of his underlying offense. However, this misclassification—for which Plaintiff's complaint does not actually assign responsibility to any of the individually named defendants—while unfortunate, does not rise to the level of a Constitutional violation over which this Court can assume jurisdiction under §1983.

While Plaintiff asserts, correctly, that this Court should construe allegations made by *pro se* litigants liberally, and that summary judgment should not be granted where there are disputes of material fact, these principles pre-suppose that the §1983 plaintiff has validly invoked the jurisdiction of this Court by at least pleading a cognizable claim for relief under the Constitution. The purpose of the motion to dismiss is to test the sufficiency of the allegations raised in the

2

complaint. Baylis v. Taylor, 475 F.Supp. 2d 484 (D.Del. 2007) (*citing* Kost v. Kozakierwicz, 1 F.3d 176, 183 (3d Cir. 1993)). The Third Circuit has plainly held that the first question for the trial court is whether Plaintiff has asserted a violation or abridgement of a Constitutional right. Miller v. City of Philadelphia, 174 F.3d 368, 374 (3d Cir. 1999). This is the fundamental prerequisite which Plaintiff must establish to go forward, at which point the court may then consider other defenses on a motion to dismiss. At no point in his answering brief does Plaintiff address Defendants' primary argument on the motion to dismiss—that Plaintiff has not pled an abridgement of any constitutionally protected right.

As in his Complaint, the only explicit basis for constitutional relief which Plaintiff argues in his answering brief is "equal protection." While he accurately states the law that similarly situated persons may not be treated disparately from other members of their class (at least not without a proper legal justification), his Complaint fails to state a claim for relief as he never alleges—either in his Complaint or brief—just what protected "group" or "class" he belongs to, and/or how he was disparately treated.

As discussed at length in the Opening Brief, the essence of Plaintiff's complaint is that there was a misapplication of the tier classification law[1] as to himself—not as to him as a member of any class of persons, or based upon any particular characteristics. As the United States Supreme Court has recognized: "[a] construction of the equal protection clause which would find a violation of federal rights in every departure by state officers from state law is not to be favored." Snowden v.

---

1 More accurately stated--a misapplication of the process surrounding placement of his data on the Sex Offender Registry. Plaintiff was in fact correctly classified as a Tier 1 sex offender. However, for reasons unknown (and unalleged) when his data appeared on the Registry it was designated "Tier 3" rather than "Tier 1." As noted in the Opening Brief, the mistake was promptly corrected by the Court when the discrepancy was discovered.

3

Hughes, 321 U.S. 1, 11-12 (1944). To state an equal protection claim:

> [one] must be singled out because of [one's] membership in the class, and not just be the random victim of governmental incompetence. . . . [W]e hold that "the state's act of singling out an individual for differential treatment" does *not* "itself create the class." [citation omitted]. That would make every selective prosecution, and indeed every arbitrary act of government, a violation of the Constitution.

Albright v. Oliver, 975 F.2d 343, 348 (7th Cir. 1992), *aff'd* 510 U.S. 266 (1994)(emphasis in original). Plaintiff pleads no facts in his Complaint that he was deliberately singled out for disparate treatment at all—let alone because of his membership in a class. Plaintiff does not, in his Answering Brief, allege deprivation of due process or violation of the Eighth Amendment, but, for the reasons articulated in Defendants' Opening Brief, his Complaint would fail to state a claim under either of those constitutional provisions. (See D.I. 22 at 10-12).

Plaintiff cites the Eighth Circuit case of Hall v. Longobardi in support of his case. 996 F.2d 954 (8th Cir. 1993). First, Plaintiff incorrectly states that Hall held that qualified immunity cannot be invoked for "arbitrary and capricious" acts. Hall actually held that it had not yet been decided whether substantive due process provided a right to be free from "arbitrary and capricious state action." 996 F.2d at 958. In any event, this issue is inapplicable to the instant case, as no substantive due process right is implicated. *See* Op. Brf. at 10-11. The Eighth Circuit's analysis on Hall's summary judgment motion actually supports Defendants' position here, as it makes clear that the *sine qua non* of maintaining a §1983 action is allegations and evidence of violation of an *established federal/constitutional right*. In Hall, official orders had issued numerous times that the Plaintiff be released from an administrative segregation unit in his prison to a less restrictive general population unit. Despite these orders, Plaintiff was not released for a period of more than 16 months. The Eighth Circuit agreed with the trial court's conclusion that the failure to timely release Hall to

4

the lower level of incarceration "was an arbitrary failure to restore the measure of liberty to which [Hall] was entitled—a substantive [constitutional] right," which the court determined was a due process "liberty interest."  $^2$  996 F.2d at 956.  Thus, the Court found that Plaintiff had properly pled abridgement of a constitutional right, and that material questions of fact existed which precluded summary judgment.  By contrast, in the instant case, Plaintiff has not pled the abridgement of *any* constitutional right.  No due process—life, liberty, property—or other constitutional right is implicated by an alleged misclassification on the incorrect tier of the Delaware Sex Offender Registry.  *See* Opening Brief, D.I. 22 at pp. 10-11.

Plaintiff repeatedly asserts that there are disputed issues of fact as to his ultimate misclassification on the Sex Offender Registry.  Even assuming he is correct, this is of no consequence to the Court's determination of this Motion to Dismiss.  Where, on the face of the Complaint, a plaintiff has failed to plead a Constitutional violation, that is the end of the analysis and the case must be dismissed.

**II.    EVEN IF PLAINTIFF HAD STATED A VIABLE CONSTITUTIONAL CLAIM, HE OFFERS NO FACTS OR AUTHORITY WHICH WOULD NEGATE STATE DEFENDANTS' ENTITLEMENT NOT TO STAND TRIAL UNDER THE DOCTRINE OF QUALIFIED IMMUNITY.**

As discussed above, in the case of State actors, the existence of a "constitutional question" is the first prong of the qualified immunity test.  If no constitutional violation is pled—as here--the inquiry is at end and the State official is entitled to immunity from suit.  Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002); Carswell v. Borough of Homestead, 381 F.3d 235, 240-42 (3d Cir. 2004).  The Third Circuit, and the United States Supreme Court, have emphasized that qualified

---

2  *See* Stone v. Herman, 983 F.2d 107 (8th Cir. 1993).  *Compare* Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989) (Third Circuit finding that holding an inmate beyond his release date can constitute an Eighth Amendment (rather

immunity, including determination of the validity of the constitutional claim, must be decided at the "earliest possible stage in the litigation." Bennett, 274 F.3d at 136 (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991).

> "Qualified immunity is '*an entitlement not to stand trial* or face the other burdens of litigation.'" Id. (quoting Mitchell v. Forsyth, 472 U.S. at 526). "The privilege is 'an immunity from suit rather than a mere defense to liability, and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'" Id.

Bennett, *supra* (emphasis added).

However, even assuming Plaintiff had met the threshold test of stating a viable constitutional claim—which he does not—the named defendants here would still be entitled to qualified immunity on the face of the Complaint. As discussed at length in the Opening Brief, state defendants are entitled to qualified immunity unless Plaintiff can show that (1) his "right" is clearly established by law and (2) the "unlawfulness [of Defendants' act] must [have been] apparent." Lee v. Mihalich, 847 F.2d 66, 69 (3d Cir. 1988). It is well-settled that to defeat qualified immunity, the actions of a government official must rise to a level of "shocks the conscience," and not be merely negligent[3]. Miller v. City of Philadelphia, 174 F.3d 368, 374, 375 (3d Cir. 1999).

Plaintiff has no "clearly established right," under Megan's Law or otherwise, to a guarantee of correct reporting on the sex offender registry. *See* Op. Brf. at p. 20. Plaintiff was in fact correctly classified as Tier 1 by the sentencing court (Op. Brf. Ex. B). 11 Del.C. §§4121(b)(e). The Code provides that the Tier information is to be entered into DELJIS *by the sentencing court*—not by the named defendants, or anyone at Department of Correction or Delaware State Police. 11 Del.C.

---

than due process) violation).
3 Plaintiff's claims in his Complaint sound, at most, in negligence. Plaintiff includes the words "malicious" and "gross negligence" for the first time in his Answering Brief, but alleges no *conduct* by any named defendant which would rise to this level.

§§4121(q). The named Defendants *do not* have the ability or authority to "classify" offenders under Megan's Law. The law-enforcement agencies perform solely the ministerial function of collecting "registration information", which consists of the offender's name, address, and other identifying information. *See* 11 Del.C. §§4120(b)(d). Finally, as discussed in the Opening Brief, Megan's Law expressly provides public officials with immunity from civil liability for the negligent release of registry information. 11 Del.C. §4120(j); 11 Del.C. §4121(m)(1). Megan's Law does not establish any "clearly established right" of Plaintiff.

With regard to the current and former Delaware State Police Superintendents, Defendants MacLeish and Chaffinch, Plaintiff asserts that they had a duty to "audit" the Sex Offender website. Plaintiff is incorrect in asserting that a requirement of "updating" or "correcting" the website "every 90 days" exists anywhere within Megan's Law. (Ans. Brf. at 3). As discussed in the Opening Brief (pp. 22-23), the Superintendent's power to audit the Registry[4], under Megan's Law, does not confer any particular right upon as sex offender plaintiff, upon which he could premise a cause of action. Rather, the audit power is a governmental function which runs to the public at large. *See* Wooters v. Jornlin, 477 F.Supp. 1140 (D. Del. 1979), *aff'd* 622 F.2d 580 (3d Cir. 1980), *cert. denied*, 449 U.S. 992 (1980). Equally important, Plaintiff's sole claim as to the Superintendents—that they "did not audit [the Registry] and allowed me . . . to be posted on internet profiled as High risk sex offender." (Statement of Claim, ¶1)--on its face would state nothing more than a claim of mere negligence.

Finally, it is well-settled that an "individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing...." Baylis v. Taylor, *supra*, 475

---

4 *Compare* 11 Del.C. §4120(d)(1) (Superintendent has "authority" to audit registry) and §4121(k)(registry "shall be . . . audited by the Delaware State Police").

7

F.Supp.2d at 490 (*citing* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of plaintiff's constitutional rights." Id. The plaintiff must "allege and prove a causal connection between the defendants and the alleged wrongdoing in order to recover." Brathwaite v. Carroll, 2006 WL 839385, *4, (D.Del. 2006)(*citing* Rode, *supra*). What this means is that more than conclusory allegations are required. This Court has held that "a plaintiff must allege personal involvement *with particularity, stating the time, place and persons responsible for the violations.*" Brathwaite, *supra*, (*citing* Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980) (emphasis added). *See also* Evancho, *supra*, ("a civil rights complaint is adequate where it states the *conduct, time, place and persons responsible*"), 423 F.3d at 353-54 (emphasis added). This is true even under the liberal notice pleading standard of F.R.C.P. 8(a). Id.

Under this standard, it is plain on the face of Plaintiff's complaint that he does not state a claim for personal involvement in any civil rights violation as to the named Defendants Hudson, Thomas, Kramka, Chaffinch and MacLeish. First, of course, he does not plead a cognizable constitutional violation even assuming all facts to be true. The sole claim as to Superintendents Chaffinch and MacLeish is a "failure to audit" the Registry. Other legal issues aside, this cannot constitute more than negligence, and Plaintiff does not suggest that their "failure" to audit was in any way targeted at him individually. As to Defendants Nancy Thomas, Mary Hudson and Danielle Kramka (DOC Counselors), Plaintiff's sole and bare allegation is that they "forced [him] to sign false papers before being released. . . ." (Complaint at p. 3). However, no facts are offered as to what "force" (if any) was used, and no details as to the "conduct, time and place" of the alleged

actions—whatever they may be--are provided.

In Evancho, the Third Circuit upheld the dismissal of the former Pennsylvania Attorney General in a civil rights case in which the plaintiff had failed to allege any facts (conduct/time/place/persons) linking the Defendant to the claimed constitutional violations against her. 423 F.3d at 354. Rather, plaintiff's complaint "merely hypothesiz[ed] that [the AG] may have been somehow involved simply because of his position. . . ." Id. Similarly, the Complaint in the instant case fails to allege, as to Defendants Thomas, Kramka, Hudson, Chaffinch and MacLeish, that any of them took any actions personally which violated Plaintiff's constitutionally protected rights, and apparently seeks to implicate them simply because of their job duties.

It is well settled that bare, unsupported allegations in a complaint will not preclude dismissal. Signore v. City of McKeesport, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989). On the face of Plaintiff's complaint, even accepting his allegations as true, he fails to set forth any cognizable constitutional claim or any legitimate factual basis that would defeat the defense of qualified immunity.

## CONCLUSION

Plaintiff has failed to invoke the subject matter jurisdiction of this Court and has failed to state any claim, against any State Defendant, upon which relief could be granted. For the reasons set forth herein and in Defendants' Opening Brief, the State of Delaware Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's complaint with prejudice.

                        **DEPARTMENT OF JUSTICE**
                        **STATE OF DELAWARE**

                        /s/ Stephani J. Ballard
                        STEPHANI J. BALLARD (I.D. No. 3481)
                        Deputy Attorney General
                        Carvel State Office Building
                        820 North French Street
                        Wilmington, DE 19801
                        (302) 577-8400
                        Attorney for State Defendants

DATED: June 28, 2007

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on June 28, 2007, she caused the attached *State Defendants' Reply Brief in Support of Motion to Dismiss Complaint* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

    Marvin D. Spady
    SBI# 224202
    DCC
    1181 Paddock Road
    Smyrna, DE 19977

**MANNER OF DELIVERY:**

____  One true copy by facsimile transmission to each recipient.

_X_  Two true copies by first class mail, postage prepaid, to each recipient.

____  Two true copies by Federal Express.

____  Two true copies by hand delivery to each recipient.

                                              /s/ Stephani J. Ballard
                                         Stephani J. Ballard, I.D. No. 3481
                                         Deputy Attorney General
                                         Carvel State Office Building
                                         820 N. French Street, 6th Floor
                                         Wilmington, DE 19801
                                         302-577-8400
                                         Attorney for Defendants