IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARVIN D. SPADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-427-SLR |
| | ) |
| MARY HUDSON, AARON L. CHAFFINCH, THOMAS MACLEISH, DANIELLE KRAMKA, and NANCY THOMAS, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of March, 2008, having reviewed defendants' motion to dismiss and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 21) is granted, for the reasons that follow:

1. **Introduction.** Plaintiff Marvin D. Spady ("plaintiff"), proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983[1] alleging violations of the Eighth and Fourteenth Amendments. (D.I. 2, 10) More specifically, plaintiff's claims arise out of events surrounding and subsequent to his signature on a sex offender registry form which classified him as a "high risk" sex offender when his plea agreement stated that he was a "low risk" offender. (Id.) Presently before the court is defendants' motion to

---

[1] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, defendants' motion is granted. (D.I. 21)

2. **Background**. Plaintiff, pursuant to a plea agreement, pled guilty to a Class A Misdemeanor sex crime. Under Delaware's "Megan's Law,"[2] this offense classified plaintiff as a Tier 1 ("low risk") offender and subjected him to registration in a database accessible only by law enforcement. See 11 Del. C. § 4121(i)-(j). Prior to his release from prison, plaintiff signed an incorrect registry form, which classified him as a Tier 3 ("high risk") sex offender. (D.I. 2, 10) Information about high risk sex offenders is available to the public on the Internet through Delaware's sex offender website.[3] As a result of the incorrect classification, plaintiff's information was published on the Internet from February 2005 through March 2006. (Id.) In March 2006, at the request of plaintiff, Judge E. Scott Bradley, the original sentencing judge, issued a Correction of Sentence rectifying the error. (Id.)

3. Plaintiff alleges that defendants Mary Hudson ("Hudson"), Danielle Kramka ("Kramka"), and Nancy Thomas ("Thomas") "forced" plaintiff to sign a sex offender registry form that incorrectly classified plaintiff as a "high risk" sex offender. (D.I. 2, 10) Hudson, Kramka, and Thomas were counselors at Sussex Correctional Institute where plaintiff was incarcerated. In addition, plaintiff avers that defendants Thomas Macleish ("Macleish") and Aaron L. Chaffinch ("Chaffinch") failed to properly "audit" the sex offender registry and correct the error. (Id.) Macleish and Chaffinch were

---

[2]11 Del. C. §§ 4120, 4121.

[3]Published information includes, if available, an offender's registered address and photograph.

Superintendents for the Delaware State Police during the relevant time period. (Id.) Based on these errors, plaintiff asserts that he suffered harm to his reputation and severe emotional and mental distress. (D.I. 2, 10) All defendants move to dismiss the complaint because they contend that plaintiff has failed to state a claim upon which relief may be granted. (D.I. 21, 22)

4. **Standard of Review.**[4] In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations

---

[4]In their brief, defendants move to dismiss plaintiff's claims for lack of subject matter jurisdiction on the basis that plaintiff failed to plead a violation of a constitutional right. (D.I. 22 at 7) As in Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991), the court finds that the proper standard governing plaintiff's claims is 12(b)(6) for failure to state a claim upon which relief could be granted. See id. (comparing 12(b)(1) and 12(b)(6) standards and noting that dismissal is proper under 12(b)(1) only when "the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." (alteration in original) (citation omitted)).

must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959.

5. **Discussion**. Reading the amended complaint liberally,[5] plaintiff alleges equal protection, due process, and Eighth Amendment violations against state employees individually and in their official capacities. (See D.I. 10)  The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.  Under that provision, "persons who are similarly situated should be treated in the same manner." Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 423 (3d Cir. 2000).  Plaintiff asserts that the classification providing the basis for his equal protection claim is his membership in the class of "sex offenders."[6] (See D.I. 10 (stating that the Delaware Department of Correction should not be prejudiced toward all sex offenders and presume that they are all "high risk" offenders))  Even if this were a protected class, plaintiff fails to allege the existence of similarly situated persons who were treated differently than plaintiff.  See Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006) (noting minimum requirements for "class of one" theory in equal protection context require allegation that others similarly situated were treated differently).  Because plaintiff fails to allege that he was the only one forced to sign the registry form or that his information was the only posting that did not receive "auditing" on the website, plaintiff's equal protection claim

---

[5]See Boag v. MacDougall, 454 U.S. 364, 365 (1982) (noting that pro se litigants' pleadings are construed liberally).

[6]Plaintiff does not challenge the registration requirements of Delaware's Megan's Law.

4

fails as a matter of law.  See id.; see also Tillman, 221 F.3d at 424 ("When there is no discrimination, there is no equal protection violation.").

      6. With respect to plaintiff's due process claim, the court must determine "whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property." See Baraka v. McGreevey, 481 F.3d 187, 205 (3d Cir. 2007).  Plaintiff alleges defamation of character and severe mental and emotional distress. (D.I. 10)  Significantly, the United States Supreme Court has held that defamation or injury to reputation alone is not protected by the procedural guarantees of the Fourteenth Amendment in circumstances similar to the case at bar.  See Paul v. Davis, 424 U.S. 693, 712 (U.S. 1976) (finding no due process violation for asserted reputational harm where plaintiff claimed a § 1983 violation for the inclusion of his name and picture on a flyer entitled "Active Shoplifters" when plaintiff had not been convicted of shoplifting).  Plaintiff fails to allege any tangible loss to his interests to remove this case from the ambit of Paul's holding and, as such, fails to state a due process claim.  See id. at 711 (requiring a removal or alteration of a previously recognized state "liberty" or "property" interest, other than defamation, to state a due process claim); see also Sturm v. Clark, 835 F.2d 1009, 1012 (3d Cir. 1987) (interpreting Paul to require "the alteration or extinguishment of a more tangible interest" in addition to defamation).

      7. Plaintiff's Eighth Amendment violation claim is based on his allegation that counselors Hudson, Kramka and Thomas "forced" plaintiff to sign the registry form prior to his release. (D.I. 10)  The only detail provided by plaintiff with respect to this claim is that Hudson "told" him he "had to sign or [he] would not be released from prison." (D.I.

10) Even if this "force" was characterized as verbal harassment or abuse, defendant Hudson's action does not rise to the level of an Eighth Amendment violation. See Collins v. Kearney, No. Civ. A. 05-739, 2006 WL 2038502, at *2 (D. Del. July 18, 2006) ("[V]erbal abuse and harassment do not rise to the level of a constitutional violation."). Plaintiff does not assert any other facts with respect to the "force" used by defendants Thomas and Kramka (see D.I. 2, 10); this bare conclusion cannot support plaintiff's Eighth Amendment claim. See Bell Atl. Corp., 127 S. Ct. at 1964-65.

8. **Conclusion**. For the reasons stated above, defendants' motion to dismiss is granted.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (D.I. 20) is denied.

_____
United States District Judge